■ DONNA CONTI, Appellant, v ANTHONY CONTI, JR., Respondent.—In a matrimonial action in which the parties were divorced by a judgment dated August 16, 1985, the plaintiff mother appeals from an order of the Supreme Court, Queens County (Zelman, J.), entered July 7, 1988, which, after a hearing, granted the defendant father's motion to change custody of the parties' infant issue to him.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for complete psychiatric evaluations of the parties, their respective spouses, and the child, and for a hearing de novo in accordance herewith before a different Justice, which hearing shall be held with all due speed; and it is further,

Ordered that pending the determination of the motion after the hearing, custody of the child shall remain with the plaintiff and the present visitation rights to the defendant and the defendant's parents shall remain in effect.

A determination of custody and whether or not custody should be modified depends to a great extent upon assessments of the credibility of the witnesses and the character and temperament of the parents. The findings of a hearing court must be accorded great respect because that court is in the best position to make such an assessment *(see, Eschbach v Eschbach,* 56 NY2d 167). However, "[a]n appellate court would be seriously remiss if, simply in deference to the finding of a Trial Judge, it allowed a custody determination to stand when it lacks a sound and substantial basis in the record and, indeed, is contrary to the weight of the credible evidence" *(Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76). There was no sound and substantial basis in the record for the court's determination that it would be in the child's best interests for the defendant to be awarded custody. The record does not contain an adequate basis on which to make a determination of what is in the best interests of the five-year-old boy. It is replete with evidence indicating that both the defendant and plaintiff engaged in antagonistic and vindictive behavior toward each other. The insufficiency of the record is due in large part to the failure of the hearing court to order a psychiatric evaluation of the parties, their new spouses, and the child. Thus we remit this matter for complete psychiatric evaluations and a new hearing on the issue of custody. At that hearing the issue of paramount concern shall be the ultimate best interests of the child *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89; *Matter of Nehra v Uhlar,* 43 NY2d 242), which standard does not appear to have been the determining factor in the prior decision of the hearing court *(see, Skolnick v Skolnick,* 142 AD2d 570). Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.