■ In the Matter of LUIS ESTRADA, Respondent, v KELLY ESTRADA, Appellant.—In a custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Bivona, J.), entered May 4, 1989, as, after a hearing, modified a judgment of divorce dated June 5, 1985, between the parties by granting the father sole custody of the parties' son.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a further hearing and determination in accordance herewith, to be preceded by a complete psychological and educational evaluation of the parties' son; and it is further,

Ordered that pending the hearing and new determination, the custody provision in the judgment of divorce dated June 5, 1985, and the visitation rights set forth in the order of the Family Court, Orange County, entered October 14, 1986, shall remain in full force and effect; and it is further,

Ordered that the hearing shall be conducted and the new determination reached with all deliberate speed.

The parties were divorced in 1985, and the mother was granted sole custody of their two children. The father commenced this proceeding in 1989, seeking custody of his nine-year-old son and six-year-old daughter, based on allegations that a change in the mother's circumstances since the divorce made her less able to provide the supervision and discipline that the children needed. Following a hearing, the court granted the father custody of the son, finding that a modification of custody would be in the child's best interest in part because the father would be a more "visibly present parent" to correct the child's academic and behavioral problems. The court ordered that custody of the daughter was to remain with the mother, and the father does not contest that determination on appeal. This court granted a stay of the transfer of the custody of the son to the father pending determination of the instant appeal.

Although the hearing court's findings should be accorded great weight (see, Eschbach v Eschbach, 56 NY2d 167), we find that the record is inadequate to make a determination of the best interests of the son. Despite a recommendation to the court by the Orange County Department of Social Services caseworker that the child should receive a complete psycho-educational evaluation, and other evidence which indicated

that he may be an emotionally troubled child, no evaluation was conducted. Since a change in custody, particularly one which would involve separation from a sibling, can be very disruptive to a child *(see generally, Eschbach v Eschbach, supra)*, the court should have obtained the necessary relevant evidence to assist in its determination. The absence of any psychological evaluation of the parties' son renders the record inadequate to support the court's determination *(see, Conti v Conti,* 149 AD2d 395; *Skolnick v Skolnick,* 142 AD2d 570; *Audubon v Audubon,* 138 AD2d 658).

The matter is remitted to the Family Court so that an evaluation of the son may be made and for a further hearing at which the parents shall have an opportunity to present evidence on this issue should they so desire. The court is also directed to consider whether its findings in support of the modification of custody remain valid in light of recent important changes in the mother's economic circumstances and living arrangements. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.