NEIL F. WALASH, Respondent-Appellant, v PATRICE M. WALASH, Appellant-Respondent.

Second Department, October 19, 1992

### APPEARANCES OF COUNSEL

*Kaminsky & Rich,* White Plains *(Walter L. Rich* of counsel), for appellant-respondent.

*Dranoff & Johnson,* Pearl River *(Martin T. Johnson* of counsel), for respondent-appellant.

### OPINION OF THE COURT

Per Curiam.

While it is true that the hearing court's determination in a custody dispute, based as it is upon a first-hand assessment of the parties, their credibility, and their character and temperaments, will often be accorded great deference on appeal *(see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946; *Eschbach v Eschbach,* 56 NY2d 167; *Skolnick v Skolnick,* 142 AD2d 570), the authority of this Court is as broad as that of the hearing court *(see, Matter of Louise E. S. v W. Stephen S., supra; Leistner v Leistner,* 137 AD2d 499), and we would be seriously remiss if, simply in deference to the finding of the Hearing Justice, we allowed a custody determination to stand where, as here, the record is inadequate to make a reasoned and careful determination of the best interests of the child *(see, Matter of Estrada v Estrada,* 154 AD2d 376).

In the instant case, the parties entered into a separation agreement in early July 1990 wherein they agreed, *inter alia,* to share joint custody of their five-year-old daughter, whose primary residence would be with the mother. In addition, the mother agreed to reside within a 50-mile radius "from her present residence". However, the parties also agreed that they would consult with one another and "jointly make all decisions concerning the child's education". On July 30, 1990, the mother received her distributive award and promptly moved with the child from Peekskill to the Greenwich Village apartment of her boyfriend. The father, claiming that the mother had breached the provision regarding joint decisions on educational matters, moved to compel the mother to enroll the child in a school in Peekskill. Shortly thereafter, the father amended his motion to request that he be granted permanent custody of the child.

Although the hearing on custody was concluded sometime in January 1991 the court failed to issue any decision with respect to the matter until February 1992. Not only do we find the 13-month delay in making a determination to be inexplicable, we find that it is totally inexcusable in a case such as this where the court's primary focus should be on the well-being of a five-year-old girl. Moreover, the delay in this case is even less understandable because it produced an opinion which fails to shed any light on the basis for the transfer of custody from the mother to the father. For instance, it is not clear whether the court found that the father had been fraudulently induced into signing the agreement, thus rendering the agreement void, or whether it found that the mother had breached the agreement. Indeed, if the court intended to find a breach of the agreement, it is equally unclear as to which provision the mother allegedly breached. Furthermore, it is not entirely clear as to what standard the court was applying in this case. Was the change of custody based upon the mother's purported fraud or her purported breach of the agreement, or was it based upon a purported change in circumstances? It does not appear, from the court's decision, that the court adequately explored the impact a change of custody would have on the emotional and intellectual development of the child. Indeed, there is no evidence in the record that forensic examinations were conducted.

Accordingly, we find that this matter must be remitted so that complete forensic evaluations may be made of the parties and the child *(see, Matter of Estrada v Estrada, supra; Conti v*

*Conti,* 149 AD2d 395). Immediately upon the completion thereof, a new hearing on the issue of custody shall be held before a different Justice with the paramount consideration being the best interests of the child *(see, Eschbach v Eschbach, supra; Friederwitzer v Friederwitzer,* 55 NY2d 89).

The issue of alleged arrears in maintenance payments was not properly before the Supreme Court. Moreover the defendant has indicated on appeal that she will pursue that claim upon a separate application.

THOMPSON, J. P., SULLIVAN, BALLETTA and LAWRENCE, JJ., concur.

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for complete forensic evaluations of the parties and the child and for a hearing de novo in accordance herewith before a different Justice, which hearing shall be held with all due speed; and it is further,

Ordered that on the Court's own motion, the appellant's notice of cross appeal is treated as an application for leave to cross appeal from so much of the interlocutory judgment as directed a hearing, and leave to cross appeal is granted *(see,* CPLR 5701); and it is further,

Ordered that upon the cross appeal, the interlocutory judgment is modified, on the law, by deleting the fifth and so much of the last decretal paragraph thereof as deals with maintenance; as so modified, the interlocutory judgment is affirmed insofar as cross-appealed from, without costs or disbursements; and it is further,

Ordered that pending the new determination of the plaintiff's motion for change of custody, custody of the child shall remain with the defendant, and the present visitation rights of the plaintiff shall remain in effect.