■ ROBERT W. HANWAY, Appellant, v AMY R. HANWAY, Respondent. [617 NYS2d 54] —In an action for a divorce and ancillary relief, the plaintiff husband appeals from (1) an order of the Supreme Court, Westchester County (Fredman, J.), entered March 22, 1994, which granted the defendant wife's application for counsel fees, and (2) an order of the same court, also entered March 22, 1994, which, after a nonjury trial, granted the defendant wife custody of the parties' two children.

Ordered that the order determining custody is affirmed; and it is further,

Ordered that the order awarding the defendant wife counsel fees is modified, as a matter of discretion, by deleting the provision thereof granting a final award for counsel fees

incurred through the trial in the sum of $15,850, and substituting therefor a pendente lite award of counsel fees in the sum of $10,000, and as so modified, the order is affirmed; and it is further,

Ordered that the plaintiff husband is directed to pay the pendente lite award of counsel fees in the sum of $10,000 within 30 days after service upon him of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the defendant wife is awarded one bill of costs.

In considering questions of child custody, a court must make every effort to determine "what is for the best interest of the child, and what will best promote its welfare and happiness" (Domestic Relations Law § 70 [a]; *see, Eschbach v Eschbach,* 56 NY2d 167, 171). The trial court's determination in a custody dispute, based as it is upon a first-hand assessment of the parties, their credibility, and their character and temperaments, will generally be accorded great deference on appeal (*see, Walash v Walash,* 183 AD2d 1, 2; *Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946; *Eschbach v Eschbach, supra).* The record before us supports the custody determination. In making its decision, the court clearly considered factors relevant in determining the best interests of the children, such as the ability of each parent to provide for the children's emotional and intellectual development, the quality of the home environment, and the parental guidance provided (*see, Matter of Louise E. S. v W. Stephen S., supra,* at 947; *Eschbach v Eschbach, supra,* at 172).

We note, however, that the court's 2½-year delay in making a determination is totally inexcusable in a case such as this, where the primary concern is the well-being of the children (*see, Walash v Walash, supra).* But here, unlike the situation in *Walash,* a remittal of the case is not required, as the court's decision was fully supported by the record.

As to counsel fees, the court erred in making an award for all counsel fees incurred through the trial of the action without determining the property issues (*see, Richards v Richards,* 189 AD2d 1025, 1026; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Morton v Morton,* 130 AD2d 558, 560). The wife is, however, entitled to a further pendente lite award of counsel fees in the sum of $10,000, in light of the extensive litigation that has occurred since the initial pendente lite order. This award is without prejudice to any final award, made in conjunction with the court's determination of the property issues, for fees previously incurred or to be incurred. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.