■ ALAN WIENER, Appellant, v CAROLYN WIENER, Respondent. [756 NYS2d 767] —In a matrimonial action in which the parties were divorced by judgment dated January 9, 1997, the plaintiff father appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated January 28, 2002, as denied, without a hearing, those branches of his motion which were to modify the defendant mother's visitation rights, and for an additional forensic examination of her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for complete forensic evaluations of the parties, the child, and the paternal grandmother, the appointment of a Law Guardian, and a hearing in accordance herewith.

In view of the conflicting allegations of the parties, it was error for the Supreme Court not to conduct a hearing before resolving issues as to the mother's visitation rights (*see Matter of Brooks v Brooks,* 255 AD2d 382 [1998]; *Van Etten v Van Etten,* 207 AD2d 992 [1994]). Although the Supreme Court was

familiar with the parties from prior proceedings, there were new allegations presented in the father's motion which raise new concerns regarding visitation (*see Walash v Walash,* 183 AD2d 1 [1992]). Accordingly, under the circumstances herein, the matter must be remitted so that complete forensic evaluations may be made of the parties, the child, and the paternal grandmother (*cf. Matter of Estrada v Estrada,* 154 AD2d 376 [1989]). In addition, a Law Guardian should be appointed for the child. Upon completion of the forensic evaluations, a hearing on the issue of visitation should be held, with the paramount consideration being the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89 [1982]). Altman, J.P., Krausman, McGinity and Cozier, JJ., concur.