■ In the Matter of ALICIA RODRIGUEZ, Respondent, v RICHARD RODRIGUEZ, Respondent, and JOSIE BELTRAN, Appellant. [759 NYS2d 369] —In a proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from stated portions of an order of the Family Court, Richmond County (Cohen-Gallett, R.), dated April 15, 2002, which, inter alia, denied her application to modify a prior order of the same court, dated December 7, 2001, which provided that the mother would have visitation with her son "as directed by his treating physicians" and denied her application to compel her son's treating physician to issue a report addressing whether visitation would be appropriate.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112); and it is further,

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof denying the mother's application to modify the order dated December 7, 2001, and substituting therefor a provision granting that application and vacating the provision of the order dated December 7, 2001, which provided that the mother would have visitation with her son "as directed by his treating physicians"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Richmond County, for appointment of a new Law Guardian for the child and a hearing and new determination with respect to the mother's visitation with him.

On December 7, 2001, the Family Court was advised that the subject child had been hospitalized for mental illness and released only the day before. Based upon that information, the Family Court issued an order the same day authorizing visitation between the appellant mother and her son "as directed by his treating physicians." Thereafter, the son's treating physicians refused to talk to the mother or permit visitation.

Subsequently, the mother made an application to modify the order dated December 7, 2001. On April 15, 2002, when the appellant mother appeared before the Family Court, her attorney noted that there had been no contact between the mother and son in the preceding four months, and urged that some arrangement be made to permit visitation. To facilitate visitation, the mother's attorney asked the court to direct that the son's treating physicians "write a report for the Court to review

so that we know when she could see her son or contact her son." The application was denied in the order appealed from, dated April 15, 2002.

The child's treating physicians were not served with subpoenas or joined as parties to this proceeding; therefore the Family Court had no personal jurisdiction over them and could not compel them to issue a report to the court (*see Matter of Brian S.*, 278 AD2d 421 [2000]).

The original visitation order dated December 7, 2001, which permitted visitation between the appellant and her son "as directed by his treating physicians" improperly divested the power to determine visitation from the court to the child's therapist (*see Matter of Tamara G.*, 295 AD2d 194, 201 [2002]; *Matter of Sullivan County Dept. of Social Servs. v Richard C.*, 260 AD2d 680, 683 [1999]). Predictably, that arrangement proved to be unworkable.

Accordingly, the matter is remitted to the Family Court, Richmond County, for a hearing and new determination with respect to visitation, after the appointment of a new Law Guardian for the child (*see Wiener v Wiener*, 303 AD2d 582 [2003]).

We express no opinion as to whether visitation would be appropriate under the facts of this case. Altman, J.P., Krausman, Goldstein and Cozier, JJ., concur.