■ In the Matter of HARRY GROSS, Appellant, v MIRIAM GROSS, Respondent. [778 NYS2d 42]—

In a proceeding pursuant to Family Court Act article 6 for a writ of habeas corpus, the father appeals, by permission, as limited by his brief, from so much of an order of the Family Court, Kings County (Morgenstern, J.), dated May 16, 2003, as, in effect, modified the visitation and child support provisions of the judgment of divorce dated July 10, 2000, and the written stipulation of settlement dated March 16, 2000, which was incorporated but not merged into the judgment of divorce.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith, including a hearing and determination on the writ; and it is further,

Ordered that pending a new determination, the custody, visitation, and child support provisions of the judgment of divorce dated July 10, 2000, and the stipulation of settlement dated March 16, 2000, are reinstated.

On May 16, 2003, the parties appeared in court on the mother's petition for a writ of habeas corpus. The mother was represented by an attorney, but the father's attorney was not present. A Law Guardian appeared on behalf of the children. After confirming that the children already had been returned to the mother, the Family Court indicated the need for a court-ordered investigation based upon the parties' differing allegations regarding the children's residence. When asked by the Family Court if he had an attorney, the father answered that his attorney could not attend. The Family Court stated that it would "put it over" for the father's attorney to appear.

The Family Court then continued the proceeding to address the visitation and child support issues raised by the mother's attorney. The mother's attorney made statements, and the father made statements on his own behalf. The Family Court temporarily suspended the father's mid-week visitation and increased the father's weekly child support payments. We reverse.

The Family Court erred in, in effect, modifying the visitation provisions of the divorce judgment and the parties' stipulation of settlement without first conducting a full evidentiary hearing to ascertain the children's best interests (*see Wiener v Wiener,* 303 AD2d 582 [2003]; *Matter of Brooks v Brooks,* 255 AD2d 382, 383 [1998]; *Matter of Nakis-Batos v Nakis,* 191 AD2d 443 [1993]; *cf. Matter of Vangas v Ladas,* 259 AD2d 755 [1999]). Moreover, the father was not apprised of his right to counsel or informed of his right to obtain an adjournment to confer with counsel

(*see* Family Ct Act § 262 [a] [iii]; *Matter of Vidal v Mintzer*, 309 AD2d 756 [2003]; *Matter of Alexander v Maharaj*, 299 AD2d 354 [2002]; *Matter of Wilson v Bennett*, 282 AD2d 933 [2001]). The Family Court also erred in modifying the child support provisions of the parties' judgment and stipulation of settlement. The issue of child support was scheduled to be heard by the Family Court at a later date, as the father had previously filed a petition to modify child support. Thus, by dealing with the issue, the Family Court essentially accelerated the return date of the father's petition and deprived him of a full and fair opportunity to litigate the issue. Accordingly, the order appealed from must be reversed, and the matter remitted to the Family Court, Kings County, for a hearing and determination regarding the issues of visitation and child support.

The parties' remaining contentions are without merit. Florio, J.P., Townes, Cozier and Mastro, JJ., concur.