■ In the Matter of HARRY HALL, Appellant, v LEROY LADSON, Respondent. [797 NYS2d 756]—In a child custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Morgenstern, J.), dated August 12, 2003, as suspended his right to visitation, directed him to complete a therapy program, and directed him to retain an attorney before filing any additional petitions.

Ordered that the matter is remitted to the Family Court,

Kings County, to hear and report whether the petitioner was advised pursuant to Family Court Act § 262 (a) of his right to counsel during these proceedings, and the appeal is held in the abeyance in the interim. The Family Court, Kings County, is to file its report with all convenient speed.

In this latest chapter in the ongoing custody and visitation proceedings between the parties, the petitioner father contends that he was never apprised of the right to counsel as required by Family Court Act § 262 (a) (iii) (*see generally Matter of Gross v Gross*, 7 AD3d 711 [2004]; *Matter of Wilson v Bennett*, 282 AD2d 933 [2001]; *Matter of Sabat v Sabat*, 72 AD2d 585 [1979]). However, the issue cannot be resolved on the record provided to this Court, which merely contains transcripts from the latest phase of these proceedings. Although the transcripts so provided demonstrate that the Family Court advised the pro se petitioner to retain an attorney at a certain stage of the proceedings, they do not indicate that the petitioner previously was apprised of his right to counsel and to have an attorney assigned if he was financially unable to obtain legal representation. Accordingly, the matter is remitted to the Family Court, Kings County, to hear and report on whether the petitioner was properly advised pursuant to Family Court Act § 262 (a) of his right to counsel during the course of this ongoing litigation, and the appeal is held in abeyance in the interim. Crane, J.P., Mastro, Skelos and Lifson, JJ., concur.