◼ In the Matter of Tatjana Vanjak, Appellant, v Emil Pesa, Respondent. [810 NYS2d 494]—

In a visitation proceeding pursuant to Family Court Act article 6, the mother appeals, by permission, from an order of the Family Court, Richmond County (Porzio, J.), dated July 8, 2005, which denied her application, inter alia, to suspend the father's visitation or to direct that the father's visitation be supervised pending a full hearing on the petition.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying that branch of the petitioner's application which was to direct that the father's visitation be supervised and substituting therefor a provision granting that branch of the application to the extent of directing that, pending further order of the Family Court, Richmond County, the father shall have visitation with all three children together for two hours per week, supervised by a qualified mental health professional (other than Polly H. Howells or Dr. Bernice H. Shaul), whose services will be paid for by the mother, the visitation shall take place at the office of the mental health care professional or some other safe place as agreed upon by the parties, and only English shall be spoken during said visitation; as so modified, the order is affirmed, without costs or disbursements.

The denial of visitation rights is a drastic remedy that should be invoked only when there is a sound and substantial basis in the record to find that visitation would be inimical to the children's best interests (*see Matter of Panetta v Ruddy,* 18 AD3d 662 [2005]; *Matter of Grisanti v Grisanti,* 4 AD3d 471 [2004]). In this case, the Family Court providently exercised its discretion in denying that branch of the mother's application which was to suspend all visitation with the father pending a full hearing on the petition (*see generally Matter of Rivera v Administration for Children's Servs.,* 13 AD3d 636 [2004]; *Matter of Gross v Gross,* 7 AD3d 711 [2004]; *Wiener v Wiener,* 303 AD2d 582 [2003]; *cf. Matter of Hom v Zullo,* 6 AD3d 536 [2004]). However, the evidence presented by the mother in support of her application was adequate to enable the Family Court to make an informed determination regarding the appropriateness of placing interim restrictions on the father's visitation rights pending a hearing and final determination (*see generally Assini v Assini,* 11 AD3d 417 [2004]). That evidence warranted the imposition of temporary restrictions in this case. Accordingly, we modify the order to place appropriate limitations on the father's visitation pending a further order of the Family Court. Prudenti, P.J., Krausman, Mastro and Fisher, JJ., concur.