■ In the Matter of HARRY HALL, Appellant, v LEROY LADSON, Respondent. [814 NYS2d 232]—

In a child custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Morgenstern, J.), dated August 12, 2003, as suspended visitation, directed him to complete a therapy program, and directed him to retain an attorney before filing any additional petitions. By decision and order of this Court dated May 23, 2005 [18 AD3d 753], the appeal was held in abeyance and the matter was remitted to the Family Court, Kings County, to hear and report on the issue of whether the petitioner was advised pursuant to Family Court Act § 262 (a) of his right to counsel during these proceedings. The Family Court, Kings County, has filed its report.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

On or about April 25, 2001, the petitioner filed a petition pursuant to Family Court Act article 6 seeking visitation. The petitioner subsequently filed a petition pursuant to Family Court Act article 6 seeking custody of the subject child. The petitioner was not represented by counsel and was not advised by the court, before proceeding with his custody petition, of his right to be represented by counsel of his choosing, his right to an adjournment to confer with counsel, or his right to have an attorney appointed by the court if he was financially unable to obtain legal representation.

Family Court Act § 262 (a) (v) confers a right to the assistance of counsel upon "the parent of any child seeking custody or contesting the substantial infringement of his or her right to custody of such child, in any proceeding before the court in which the court has jurisdiction to determine such custody."

"Here, the Family Court's failure to advise the petitioner of [his] right to be represented by counsel of [his] own choosing, [his] right to an adjournment to confer with counsel, and [his] right to have counsel assigned if was financially unable to obtain representation (*see* Family Ct Act § 262 [a]), constituted reversible error" (*Matter of Ford v Tindal*, 24 AD3d 664, 665 [2005]; *see Matter of Gross v Gross*, 7 AD3d 711, 712-713 [2004]; *Matter of Machado v Del Villar*, 299 AD2d 361, 361-362 [2002]; *Matter of Alexander v Maharaj*, 299 AD2d 354, 355 [2002]; *Matter of Wilson v Bennett*, 282 AD2d 933, 935 [2001]; *Matter of Sabat v Sabat*, 72 AD2d 585, 585 [1979]).

Accordingly, we remit the matter to the Family Court, Kings County, to advise the petitioner of his right to counsel and, if appropriate, to assign counsel, and for a new hearing and determination.

In light of the foregoing, we need not reach the petitioner's remaining contentions. Crane, J.P., Mastro, Skelos and Lifson, JJ., concur.