■ In the Matter of GABRIELLE N. and Another, Children Alleged to be Neglected. JACQUELINE T. et al., Appellants; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [29 NYS3d 810]——

Appeal from order of disposition, Family Court, Bronx County (Monica Drinane, J.), entered on or about July 1, 2014, to the extent it brings up for review a fact-finding order, same court and Justice, entered on or about April 15, 2013, which found that respondent parents neglected their special needs daughter and derivatively neglected their younger daughter, held in abeyance, and the matter remanded to Family Court for a reconstruction hearing with respect to the missing medical records admitted into evidence as exhibits 1 to 4. Appeal

from order of disposition otherwise dismissed, without costs, as moot.

At issue on appeal is whether a preponderance of the evidence supports the court's finding that the parents neglected the special needs child by interfering with her medical care, and delaying necessary treatment to the point where petitioner Administration for Children's Services sought, and was granted, a medical override of the parents' refusal to consent to surgery (*see Matter of Jaquan F. [Alexis F.]*, 120 AD3d 1113, 1114 [1st Dept 2014]), and whether the finding of derivative neglect was also appropriate inasmuch as the parents' behavior demonstrated such an impaired level of parental judgment as to create a substantial risk of harm for any child in their care (*see Matter of Joshua R.*, 47 AD3d 465, 466 [1st Dept 2008], *lv denied* 11 NY3d 703 [2008]). However, these issues cannot be resolved on the record provided to this Court since the medical records from the four health facilities that treated the special needs child, received into evidence in Family Court, were not submitted to this Court as part of the original record and are missing (*see Matter of Garner v Garner*, 88 AD3d 708, 709 [2d Dept 2011]; *Matter of Hall v Ladson*, 18 AD3d 753, 754 [2d Dept 2005]). Accordingly, the matter should be remanded for a reconstruction hearing as indicated.

The father's appeal from disposition is moot, since the dispositional order has expired and been superseded by subsequent permanency orders (*see Matter of Skye C. [Monica S.]*, 127 AD3d 603, 604 [1st Dept 2015]). Concur—Tom, J.P., Acosta, Richter, Manzanet-Daniels and Gesmer, JJ.