Matter of Gabrielle N. (2018 NY Slip Op 01022)





Matter of Gabrielle N.


2018 NY Slip Op 01022


Decided on February 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2018

Acosta, P.J., Richter, Manzanet-Daniels, Tom, Gesmer, JJ.


903 902

[*1]In re Gabrielle N., and Another, Children Under the Age of Eighteen Years, etc.,
The Administration for Children's Services, Petitioner-Respondent,
v
Jacqueline T., et al., Respondents-Appellants.


George E. Reed, White Plains, for Jacqueline T., appellant.
Law Office Israel Premier Inyama, New York (Israel Inyama of counsel), for Delroy N., appellant.
Zachary W. Carter, Corporation Counsel, New York (Ellen Ravitch of counsel), for respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.



Order of disposition, Family Court, Bronx County (Monica Drinane, J.), entered on or about July 1, 2014, to the extent it brings up for review a fact-finding order, same court and Justice, entered on or about April 15, 2013, which found that respondents parents neglected one daughter and derivatively neglected another, unanimously affirmed, without costs, and the appeal therefrom otherwise dismissed, without costs, as moot.[FN1]
Since Family Court continued the children's placement in foster care after conducting subsequent permanency hearings, respondents' challenge to the July 1, 2014 dispositional order is moot (see Matter of Skye C. [Monica S.], 127 AD3d 603, 604 [1st Dept 2015]).
A preponderance of the evidence supports the court's finding that respondents neglected the special needs child by interfering with her medical care, and delaying necessary treatment to the point where ACS sought, and was granted, a medical override of the parents' refusal to consent to surgery (see Matter of Jaquan F. [Alexis F.], 120 AD3d 1113, 1114 [1st Dept 2014]).
The finding of derivative neglect was also appropriate inasmuch as respondents' behavior [*2]demonstrated such an impaired level of parental judgment as to create a substantial risk of harm for any child in their care (see Matter of Joshua R., 47 AD3d 465, 466 [1st Dept 2008], lv denied 11 NY3d 703 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2018
CLERK



Footnotes

Footnote 1:On May 12, 2016 this Court remanded the matter to Family Court for a reconstruction hearing because the medical records from four health facilities that treated the special needs child, received into evidence in Family Court, were not submitted to this Court as part of the original record and were missing (Matter of Gabrielle N. [Jacqueline T.], 139 AD3d 504 [1st Dept 2016]). On or about November 17, 2017 this Court received the missing records.