■ In the Matter of WILMA KISSEL, Respondent, v WALTER KISSEL, Appellant.—Order unanimously modified, in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Petitioner, Wilma Kissel, commenced this proceeding in Family Court to enforce the support provisions of a stipulation between the parties, incorporated into an order of the Family Court and incorporated in and merged into a decree of divorce dated May 14, 1975. Respondent, Walter Kissel, interposed an answer containing a cross petition for downward modification of the support provision based upon changed circumstances. The respondent husband stipulated that he was in arrears $3,605 pursuant to the divorce decree. Following a hearing, the Family Court ordered that the previously ordered $50 per week support be continued; that respondent husband's cross petition for modification be denied; that respondent husband is in arrears in the sum of $3,605; that for his willful violation of the judgment of divorce incorporating the Family Court order respondent husband be committed for a period of 30 days to the county jail; that respondent husband may purge himself of the violation by payment within 10 days of the arrearage; that respondent husband shall pay $50 per week in advance to petitioner wife for support and maintenance; that respondent husband be committed to county jail until he shall post an undertaking in the amount of $7,800 to remain in effect for three years pursuant to section 471 of the Family Court Act; and that respondent husband pay attorney fees in the amount of $2,500. Respondent husband appeals from this order contending, *inter alia,* that he was not properly advised of his right to counsel or to be assigned counsel. An individual who faces contempt for a willful violation of a previous order of the court has a constitutional right to counsel in such proceedings (Family Ct Act, §§ 261, 262, subd [a], par [iv]). The Family Court Act provides that under the circumstances present in the instant case the Trial Judge "shall advise such person before proceeding that he has the right to be represented by counsel of his own choosing, of his right to have an adjournment to confer with counsel, and of his right to have counsel assigned by the court in any case he is financially unable to obtain the same" (Family Ct Act, § 262, subd [a]). The Trial Judge, after the respondent husband claimed that he was financially unable to obtain counsel, did not offer him an adjournment or inform him of his right to have the court assign counsel to him. We find that the respondent husband did not waive his right to counsel. He was not informed of his rights and the record does not show that he had a

"sufficient awareness of the relevant circumstances and probable consequences" attendant to such waiver. *(Matter of Lawrence S.,* 29 NY2d 206, 208; see *Von Moltke v Gillies,* 332 US 708, 724.) Accordingly, those parts of the Family Court order which found the respondent husband in willful violation of a previous court order and those parts which sentenced him to serve in the county jail for such willful violation or until he posts an undertaking must be stricken from it. The remainder of the order may properly stand since there is a viable prior court order which it simply continues and because there is no statutory right which entitles respondent to be assigned counsel in support modification proceedings. We have considered the other points raised by respondent husband on this appeal and find them to be without merit. (Appeal from order of Monroe County Family Court—support—contempt.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ.