■ In the Matter of THERESA BRAINARD, Respondent, v MARSHALL BRAINARD, Appellant. — In a support proceeding pursuant to article 4 of the Family Court Act, the husband appeals from an order of the Family Court, Westchester County (Donovan, J.), dated January 13, 1982, which, upon finding him guilty, after a hearing, of willfully violating prior support orders, directed that he be committed to prison for six months. Order reversed, without costs or disbursements, and the matter is remitted to the Family Court for a new hearing and determination. At the beginning of the hearing, the following took place: "THE COURT: Mr. Brainard has been advised of his right to have an attorney? If you cannot afford one, one will be provided. Do you want to speak for yourself? MR. BRAINARD: Yes, I do, Judge. THE COURT: You want to speak for yourself." The hearing then proceeded, with neither party represented by counsel. We hold that this colloquy does not reflect an explicit, informed waiver, by the husband, of his right to counsel, guaranteed by section 262 (subd [a], par [vi]) of the Family Court Act. The record does not show that the husband had a "sufficient awareness of the relevant circumstances and probable consequences" of his waiver (see *Matter of Lawrence S.,* 29 NY2d 206, 208; see, also, *Von Moltke v Gillies,* 332 US 708, 724). Additionally, the husband was not informed of his right to an adjournment in order to confer with counsel, as required by that statute (see *Matter of Kissel v Kissel,* 59 AD2d 1036). Accordingly, a new hearing must be held at which the husband should be duly apprised, pursuant to the statute, of his right to be represented by counsel. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.