■ In the Matter of ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of BIBSIE CHAMPAGNE, Respondent, v DANIEL CHAMPAGNE, Appellant.—In a support proceeding pursuant to Family Court Act article 4, the husband appeals from an order of the Family Court, Rockland County (Stanger, J.), entered October 2, 1985, which, upon finding him guilty, after a hearing, of willfully violating a prior support order, directed he be committed to jail for three months.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Family Court, Rockland County, for a new hearing and determination.

Although at his arraignment on the instant petition alleging willful violation of an existing support order, the appellant was apprised of his right to counsel (see, Family Ct Act § 262 [a] [vi]), there is no word or act upon which the Family Court could premise a conclusion that he waived that right (cf., Matter of Brainard v Brainard, 88 AD2d 996). The appellant explicitly stated at arraignment he was not waiving his right to counsel, whereupon the Family Court merely advised him that he would be notified "when to come back to court so you can leave now". On the subsequently fixed date, the Family Court virtually ignored the appellant's statement that he could not afford an attorney (cf., Matter of Kissel v Kissel, 59 AD2d 1036) and proceeded with the hearing upon which the finding of willful violation and the appellant's subsequent incarceration are premised.

A new hearing is required, prior to which the Family Court shall, inter alia, make appropriate inquiries as to whether the appellant wishes to proceed without the assistance of an attorney, and if not, afforded him an opportunity to obtain counsel, whether assigned or privately retained. Bracken, J. P., Rubin, Eiber and Spatt, JJ., concur.