■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF CHEMUNG COUNTY, on Behalf of DARLENE R. RYNKOWSKI, Respondent, v EDWARD W. PRONTI, Appellant. [641 NYS2d 740] —Casey, J. Appeals (1) from an order of the Family Court of Chemung County (O'Shea, J.), entered June 8, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in contempt of court for failure to obey an order of child support, and (2) from an order of said court, entered September 8, 1995, which denied respondent's motion to vacate or reconsider the finding of contempt.

Pursuant to a prior order of Family Court, respondent was directed to pay child support for his three children in the amount of $50 per month to the support collection unit of the local Department of Social Services. In January 1995, the Department filed a petition on behalf of the children's mother

which sought, *inter alia*, to hold respondent in contempt for failing to obey the prior support order. In particular, the petition alleges that respondent failed to obey the prior order in that "respondent is in arrears in the sum of $16354.68 due Chemung Co. DSS $16354.68 total arrears". When the parties appeared in court on the petition, counsel for petitioner advised the court that respondent had made payments of $100 every other month while the prior order required monthly payments of $50. When respondent's counsel questioned the amount of the arrearages alleged in the petition, Family Court summarily determined that respondent was in willful violation of the prior order by failing to make the payments monthly as required by the prior order. A contempt order was entered, from which respondent appeals.

There must be a reversal. A fundamental requirement of due process is reasonable notice sufficient to "apprise the party of the charges against him so as to enable him to adequately prepare and present a defense" (*Matter of Fitzgerald v Libous*, 44 NY2d 660, 661). Assuming that the notice requirements for this proceeding pursuant to Family Court Act article 4 are less stringent than those required in a criminal proceeding (*cf.*, *Matter of Block v Ambach*, 73 NY2d 323, 332-333), Family Court's summary finding of a willful violation based upon untimely support payments by respondent, when the petition alleged only a violation based upon arrearages, clearly violated respondent's right to due process (*cf.*, *Matter of Murray v Murphy*, 24 NY2d 150, 157-158). In the absence of any competent proof in the record to support the only violation alleged in the petition, the orders must be reversed and the petition dismissed. Nevertheless, we reject respondent's claim that petitioner has engaged in frivolous conduct which warrants sanctions (*see*, 22 NYCRR 130-1.1 [a]).

Mikoll, J. P., Mercure, White and Spain, JJ., concur. Ordered that the orders are reversed, on the law, with costs, and petition dismissed.