In the Matter of CAROL DeMARCO, Respondent, v JOHN RAFTERY, Appellant. [662 NYS2d 138] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Balkin, J.), dated November 22, 1996, which confirmed the determination of the same court (Watson, H.E.), dated October 8, 1996, finding that he had willfully failed to obey an order of the court, dated October 16, 1992, and thereupon sentenced him to 60 days in the Nassau County Correctional Center, unless he purged himself of his contempt by paying the sum of $9,720 towards child support arrears.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court for further proceedings in accordance herewith.

The appellant father had a pre-existing obligation to pay child support in the sum of $100 per week. He claims that he met this obligation for as long as he was employed, but that he has been unable to do so since he became unemployed. No competent evidence in the record contradicts this statement.

Prior to the commencement of the proceedings in this matter, the father executed a "financial disclosure affidavit" which

indicates that he has no assets of any significance aside from "50 acres of land ½ owner" the value of which is reflected by the mark "?". Based on this document, a "family court screening bureau" recommended denial of his request for assignment of counsel.

On October 18, 1996, after a hearing at which the father was not represented by counsel, the Hearing Examiner concluded that the father had "not rebutted the presumption of ability to earn", and found that the violation of the order of support was willful. The Hearing Examiner directed the payment of $9,720 in arrears by November 11, 1996, referred the finding of willful violation to the Family Court Judge for disposition, and recommended 30 days incarceration.

On November 20, 1996, the Family Court initially conducted colloquy with both parties, who appeared *pro se*. Then, after directing the assignment of counsel to the father in the middle of these proceedings, the court conducted further colloquy with the father's newly-assigned counsel. At the conclusion of those proceedings, the court sentenced the father to 60 days in jail, subject to the condition that he could purge himself by paying $9,720 in child support arrears. We reverse.

In general, the respondent in a civil contempt proceeding who faces the possibility of the imposition of a term of imprisonment, however short, has the right to the assignment of counsel upon a finding of indigence (*see, Argersinger v Hamlin,* 407 US 25; *Holmes v Holmes,* 89 AD2d 921; *see also,* Family Ct Act § 262 [a] [vi]; *Gifford v Gifford,* 223 AD2d 669; *Matter of Rockland County Dept. of Social Servs. v Champagne,* 131 AD2d 488; *People ex rel. Lobenthal v Koehler,* 129 AD2d 28; *Matter of Williams v Williams,* 91 AD2d 1044). Here, the court made a finding of indigence at a late stage in the proceedings and only then assigned counsel; this was, in our opinion, inadequate. The hearing before the Hearing Examiner had already concluded, and findings of fact had already been made. The right of counsel implies that the court will give a respondent and his counsel a reasonable opportunity to appear and present evidence and arguments (*see, Matter of Lewis v Crosson,* 53 AD2d 1029). This rule was not honored here.

We find that it was error to presume, in the absence of any proof, that the appellant's half-interest in certain real property rendered him able to retain counsel. There is no basis in this record to conclude that this asset is susceptible to immediate disposition, and there is no competent proof in the record establishing the value of this asset. The Hearing Examiner erred to the extent that she relied on this asset in determining

that the father was not eligible for assigned counsel. While the Family Court later implicitly overruled the Hearing Examiner's determination as to the father's eligibility for assigned counsel, this did not occur until after the father had already been prejudiced.

We remit the matter to the Family Court for further proceedings at which the father shall have the assistance of counsel. Bracken, J. P., Rosenblatt, Ritter and Luciano, JJ., concur.