■ In the Matter of RICHARD P. GAUDETTE, Appellant, v ELAINE T. GAUDETTE, Respondent. [692 NYS2d 809] —Graffeo, J. Appeal from an order of the Family Court of Clinton County (McGill, J.), entered December 8, 1997, which (1) dismissed petitioner's applications, in a proceeding pursuant to Family Court Act article 4, to modify child support, and (2) granted respondent's application, in a proceeding pursuant to Family Court Act article 4, to hold petitioner in violation of a prior support order.

The parties are parents of two children aged 11 and 12, and pursuant to a May 1995 order, petitioner was required to pay $50 per month in child support. In April 1997 respondent filed a petition seeking an upward modification of child support based on petitioner's return to full employment. On June 5, 1997, the same day the hearing was scheduled regarding respondent's petition, petitioner filed a petition seeking modification of the same May 1995 support order due to alleged excess payments made to respondent. Respondent's modification petition was granted by Family Court on June 6, 1997 and petitioner's child support obligation was increased to $92 per week.[1] Family Court also addressed petitioner's claim of excess payments by ordering the Clinton County Support Unit to deduct certain excess payments in its calculation of accumulated arrears.

Petitioner filed another petition on June 26, 1997 for modification due to his unemployment. After petitioner failed to comply with the June 1997 support order, respondent filed a violation petition in September 1997. A hearing on all the petitions was conducted in October 1997, although petitioner was not represented by counsel nor was he advised of his right to have counsel present. During the proceedings, petitioner conceded that he had not fully met his support obligation pursuant to the June 1997 order, but argued that he had made excess payments in the past which had not been properly

---

1. The child support modification was ordered to be retroactive to April 2, 1997.

credited by the Support Unit or by petitioner. The Hearing Examiner dismissed petitioner's modification petition, found petitioner in violation of the support order and granted judgment to respondent for arrears in the amount of $1,619.16. Family Court thereafter denied petitioner's objections and affirmed the order. Petitioner now appeals.

Petitioner maintains that he was denied his right to counsel during the October 1997 hearing. Pursuant to Family Court Act §§ 261 and 262 (a) (vi), an indigent person in a proceeding in which there is an allegation of willful violation of an order of child support is entitled to legal assistance, and it is the responsibility of the court to advise a litigant of the right to counsel of his or her own choosing, or assigned counsel where appropriate, before the commencement of a hearing or other proceedings (see, Family Ct Act § 262 [a]). Here, the Hearing Examiner only inquired whether petitioner had an attorney appearing on his behalf and when petitioner responded in the negative, merely asked if he was prepared to proceed. Clearly there was a failure to advise petitioner that he had the right to be represented by counsel and that if he was unable to afford an attorney, one would be appointed for him (see, Matter of Kissel v Kissel, 59 AD2d 1036; Hickland v Hickland, 56 AD2d 978, 980; compare, Matter of Wright v Wright, 205 AD2d 889, 891).

Petitioner's indication that he was prepared to proceed, without a manifestation of an awareness of his rights, was insufficient to constitute a valid waiver of his right to counsel pertaining to the violation petition (see, Matter of Brainard v Brainard, 88 AD2d 996; see also, Matter of Rockland County Dept. of Social Servs. [Champagne] v Champagne, 131 AD2d 488). Although Family Court's dismissal of the modification petition was proper notwithstanding the absence of counsel (see, Matter of Kissel v Kissel, supra, at 1037; see also, Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 262, at 312), this matter shall be remitted to Family Court for a new hearing on the violation petition (see, Matter of Brainard v Brainard, supra, at 996) since it subjected petitioner to the possibility of incarceration (see, Matter of DeMarco v Raftery, 242 AD2d 625, 626).

With respect to petitioner's support modification application,[2] we find that it was properly dismissed by Family Court. Petitioner's testimony during the hearing demonstrates that

---

**2.** The hearing on petitioner's June 5, 1997 petition to modify the support order raised the issue of excess payments. Petitioner's appeal is from the December 8, 1997 order and is limited to issues raised in the June 26, 1997

he voluntarily left his employment, which is insufficient to justify a reduction of his child support obligation (*see, Matter of Laeyt v Laeyt*, 256 AD2d 743, 744; *Matter of Chenango County Support Collection Unit v De Brie*, 100 AD2d 687, 688).

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted respondent judgment in the amount of $1,619.16; matter remitted to the Family Court of Clinton County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

petition which sought a modification of his support obligation on the basis of unemployment.