■ The People of the State of New York, Respondent, v John McDermott, Appellant. [719 NYS2d 76] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered December 3, 1999, convicting defendant, after a jury trial, of assault in the second degree, resisting arrest, and obstructing governmental administration in the second degree, and sentencing him to three concurrent terms of 90 days and 5 years probation, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings in accordance with CPL 460.50 (5).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. In order to establish defendant's guilt of each of the three crimes of which he was convicted, the People were required to prove that the officer had probable cause to arrest defendant for disorderly conduct; however, the People were not required to prove that defendant actually committed disorderly conduct. The evidence established that the officer had probable cause to believe that defendant intended to cause public inconvenience, annoyance or alarm (see, Penal Law § 240.20; cf., People v Munafo, 50 NY2d 326) based on defendant's obstreperous behavior on a midtown Manhattan street corner.

Defendant's request for a sanction for the erasure of a police tape recording was properly denied. Defendant did not establish any prejudice inasmuch as the Sprint report permitted defendant to elicit the essential information contained in the tape recording and defendant has not established that the Sprint report would have been inadequate for that purpose (see, People v Marengo, 276 AD2d 358).

Defendant's motion to dismiss the indictment was properly denied. None of the improprieties in the Grand Jury presentation rose to the level of impairing the integrity of that proceeding (see, CPL 210.35 [5]; People v Jones, 239 AD2d 234).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Tom, Mazzarelli, Ellerin and Wallach, JJ.