■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of JENELLE M. ALKON, Respondent, v HECTOR RODRIQUEZ, JR., Appellant. [725 NYS2d 393] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Trainor, J.), dated November 4, 1999, which, in effect, confirmed a determination of the same court (Goglas, H.E.),

dated September 13, 1999, that he had willfully failed to obey an order of the same court, dated December 9, 1996, and thereupon committed him to a term of incarceration of 120 days, unless he purged himself of his contempt by paying the sum of $10,000 towards arrears of child support.

Ordered that the order dated November 4, 1999, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing and determination in accordance herewith.

Pursuant to an order of the Family Court, Suffolk County, dated December 9, 1996, the appellant was obligated to pay $576 per month in child support. The appellant allegedly has not made any payment under that order, and the Commissioner of Social Services filed a violation of support order petition. A hearing was conducted on September 13, 1999, although the appellant was not represented by counsel and was not advised of his right to have counsel present. The Hearing Examiner found the appellant guilty of a willful violation of the support order, and on November 4, 1999, the Family Court denied his objections, confirmed the Hearing Officer's findings, and committed the appellant to a term of incarceration.

The appellant contends that he was not properly notified of his right to counsel and therefore his consent to go forward at the hearing was not given knowingly, intelligently, and voluntarily. We agree. It was the responsibility of the Hearing Examiner to advise the appellant of his right to be represented by counsel of his own choosing, his right to an adjournment to confer with counsel, and his right to have counsel assigned if he was financially unable to obtain representation (see, Family Ct Act §§ 261, 262 [a]).

The Hearing Examiner only inquired as to whether the appellant needed time to confer with an attorney. When the appellant stated he was "ready today," the Hearing Examiner commenced the hearing. Thus, there was a failure to advise the appellant that he had the right to be represented by counsel and that if he was unable to afford an attorney, one would be appointed for him (see, Gaudette v Gaudette, 263 AD2d 620). The appellant's statement that he was ready to proceed did not reflect an explicit, informed waiver of his right to counsel. It cannot be said that the appellant had a "sufficient awareness of the relevant circumstances and probable consequences of his waiver" (Matter of Brainard v Brainard, 88 AD2d 996; see, Gaudette v Gaudette, supra; see also, Matter of Rockland County Dept. of Social Servs. [Champagne] v Champagne, 131 AD2d 488). O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.