■ In the Matter of DONNA M. CIRCE, Respondent, v DONALD R. CIRCE, JR., Appellant. [733 NYS2d 315] —Mercure, J. P. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered January 18, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in willful violation of a prior order of support.

At the initial appearance on this support violation petition against respondent, respondent asserted that he was unemployed and requested the assignment of counsel. The Hearing Examiner assigned the Public Defender's office to represent respondent and adjourned the matter. At respondent's request, the hearing date was subsequently adjourned to November 15, 1999. Respondent appeared at that time without counsel, explaining that the Public Defender's office denied having received his completed financial eligibility form and therefore declined to represent him. Respondent sought a further adjournment for the purpose of obtaining an attorney. The Hearing Examiner indicated that if respondent disagreed with the determination of the Public Defender's office, his remedy was to ask the court to assign him a different attorney or to seek an adjournment for the purpose of retaining his own attorney but that she was "not going to consider an adjournment" at that time.

The hearing proceeded over respondent's continuing objection and the Hearing Examiner found respondent to be in willful violation of a prior order of support and referred the finding of willfulness to Family Court for disposition in accordance with Family Court Act § 439 (a). On January 18, 2000, respondent appeared before Family Court for disposition. Although respondent complained that the Hearing Examiner had denied him an attorney, Family Court made no inquiry into respondent's financial ability to retain counsel, confirmed the Hearing Examiner's finding of willfulness and committed respondent to jail for a period of six months. Respondent appeals.*

An indigent person facing incarceration for violation of a court order has a right to the assignment of counsel (*see, Matter of DeMarco v Raftery*, 242 AD2d 625, 626), and Family Court Act § 262 (a) (vi) makes specific provision for the assignment of counsel for an indigent respondent "in any proceeding before the court in which an order or other determination is being sought to hold such person in contempt of the court or in willful violation of a previous order of the court." Any order for the assignment of counsel issued pursuant to Family Court Act § 262 (a) (vi) must be implemented "as provided in [County Law article 18-B]" (Family Ct Act § 262 [c]). Notably, County Law article 18-B does not afford counsel the discretion to terminate an assignment upon a finding that the client is not financially eligible. To the contrary, County Law § 722-d provides: "Whenever it appears that the defendant is financially able to obtain counsel or to make partial payment for the representation or other services, *counsel may report this fact to the court and the court may terminate the assignment of counsel* or authorize payment, as the interests of justice may dictate, to the public defender, private legal aid bureau or society, private attorney, or otherwise" (emphasis supplied).

As the Hearing Examiner assigned counsel to represent respondent, and in the absence of any evidence that respondent thereafter waived his right to counsel (*see, Matter of Rockland County Dept. of Social Servs. v Champagne*, 131 AD2d 488), her implicit acquiescence in the Public Defender's termination of that appointment amounted to an unwarranted delegation of her responsibility. Furthermore, there having been no statement by the Public Defender, in accordance with County Law § 722-d, indicating that respondent failed to demonstrate financial eligibility for assigned counsel, or a motion by the Public Defender to withdraw, made upon notice to respondent

---

* Despite this Court's repeated communications with petitioner, no responding brief has been filed.

in accordance with CPLR 321 (b) (2), we conclude that the Hearing Examiner abused her discretion in relieving the Public Defender's office of its assignment to represent respondent. Finally, having relieved respondent's counsel of assignment, the Hearing Examiner should have afforded respondent an adjournment to obtain alternative representation. The prejudice to respondent is patent and the appropriate remedy is a new hearing (*see, Matter of Gaudette v Gaudette*, 263 AD2d 620, 621; *Matter of Rockland County Dept. of Social Servs. v Champagne, supra*).

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Schenectady County for a new hearing.