■ In the Matter of DOREEN ALEXANDER, Respondent, v BALRAM B. MAHARAJ, Appellant. [750 NYS2d 100] —In a proceeding pursuant to article 6 of the Family Court Act for a writ of habeas corpus, the father appeals from a judgment of the Family Court, Westchester County (Klein, J.), dated October 23, 2001, which, after a hearing, sustained the writ and released the subject child to the mother.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith, including a new hearing and determination; and it is further,

Ordered that pending a new determination, sole custody of the parties' child shall remain with the mother.

Family Court Act § 262 (a) (iii) provides that:

"(a) [e]ach of the persons described below in this subdivision has the right to the assistance of counsel. When such person first appears in court, the judge shall advise such person before proceeding that he [or she] has the right to be represented by counsel of his [or her] own choosing, of his [or her] right to have an adjournment to confer with counsel, and of his [or her] right to have counsel assigned by the court in any case where he [or she] is financially unable to obtain the same * * *

"(iii) the respondent in any proceeding under part three of article six of this act."

Our review of the record indicates that the Family Court asked the father if he made any attempt to contact an attorney. The father advised the Family Court that he was served with the writ and petition the night before the hearing and that he did not have ample time to speak with an attorney. After the father asked the Family Court for ample time to consult with counsel, the Family Court asked him if he had access to a

telephone to call an attorney. The father replied that he was unaware of the type of attorney he would have to obtain to represent him. Thereafter, the Family Court, without conducting any further inquiry, went forward with the proceeding and sustained the writ.

The father was not apprised of his right to counsel or informed of his right to obtain an adjournment to confer with counsel (*see* Family Ct Act § 262 [a] [iii]). Accordingly, the judgment appealed from must be reversed, and the matter must be remitted to the Family Court, Westchester County, for a new hearing and determination on the writ. Moreover, our review of the colloquy between the Family Court and the father indicates that the father did not explicitly waive his right to counsel (*see generally Matter of Rockland County Dept. of Social Servs. v Champagne,* 131 AD2d 488; *Matter of Brainard v Brainard,* 88 AD2d 996).

Prior to the new hearing, the Family Court shall make an appropriate inquiry as to whether the father wishes to proceed without the assistance of an attorney, and if not, afford him an opportunity to obtain counsel.

In light of our determination, we need not reach the father's remaining contentions. Ritter, J.P., Altman, H. Miller and Cozier, JJ., concur.