■ In the Matter of TAMMIE WILLIAMS-FOREMAN, Respondent, v GEORGE F. CRANDELL, Appellant. [759 NYS2d 704] —Peters, J. Appeal from an order of the Family Court of Schenectady County (Taub, J.), entered June 19, 2001, which, in a proceeding pursuant to Family Ct Act article 4, remanded respondent to the Schenectady County Jail for a period of 60 days.

Respondent consistently fell into arrears on his obligation to pay child support. When he appeared before the Hearing Examiner on this violation petition, respondent was asked whether he was "planning on having an attorney." Respondent stated that he did not yet know since he just started working. The Hearing Examiner, without questioning respondent any further or informing him of his right to assigned counsel, determined that respondent had willfully violated the support order, directed the entry of a money judgment and referred the case to Family Court with a recommendation for incarceration. At a scheduled appearance before Family Court, respondent again appeared without counsel. Family Court, without advis-

ing him of his right to legal representation, questioned him solely on the status of his employment and then sentenced him to 60 days in jail. Respondent appeals and we reverse.

Where there is an allegation of a willful violation of an order of support, an indigent person is entitled to legal assistance. "[I]t is the responsibility of the court to advise a litigant of the right to counsel of his or her own choosing, or assigned counsel where appropriate, before the commencement of a hearing or other proceeding[ ]" (*Matter of Gaudette v Gaudette,* 263 AD2d 620, 621 [1999]; *see* Family Ct Act §§ 261, 262 [a] [vi]; *Matter of Circe v Circe,* 289 AD2d 620, 621 [2001]). If the court fails to do so, the matter must be remitted for a new hearing (*see Matter of Gaudette v Gaudette, supra* at 621; *Matter of Brainard v Brainard,* 88 AD2d 996, 996 [1982]).

Here, neither the Hearing Examiner nor Family Court advised respondent of his right to counsel and nothing in the record suggests a knowing and intelligent waiver of such right. Accordingly, the jail sentence must be vacated and the matter remitted to Family Court for a new hearing and determination (*see Matter of Circe v Circe, supra* at 622; *Matter of Gaudette v Gaudette, supra* at 621).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision.