■ In the Matter of ASHLEY E. ANDERSON, Respondent, v BRENT A. HAILEY, Appellant. [786 NYS2d 647]—

Kane, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered October 1, 2002, which granted

petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of child support.

Because Family Court proceeded without assuring that respondent knowingly waived his right to counsel, we reverse. Petitioner filed a petition alleging that respondent willfully failed to comply with a prior child support order. When the parties appeared, the Support Magistrate informed respondent of his right to counsel, to an adjournment to obtain counsel and his entitlement to assigned counsel if he qualified, or that he could proceed without counsel. Respondent ambiguously replied, "Yes, sir." The hearing proceeded, resulting in a finding that respondent willfully violated the prior order and referring the matter to Family Court. The court, without addressing the issue of counsel, asked respondent whether the Support Magistrate's findings were accurate, then confirmed those findings and committed respondent to jail for 90 days. Respondent appealed and was granted a stay pending this appeal.

Although the Support Magistrate properly informed respondent of his rights regarding counsel, the Support Magistrate failed to assure that respondent understood those rights and knowingly and intelligently waived them before proceeding (*see* Family Ct Act § 262 [a] [vi]; *Matter of Commissioner of Social Servs. v Rodriquez*, 284 AD2d 330, 331 [2001]; *Matter of Gaudette v Gaudette*, 263 AD2d 620, 621 [1999]; *Matter of Brainard v Brainard*, 88 AD2d 996 [1982]). Family Court failed to advise respondent of those rights or assure a valid waiver (*see* Family Ct Act § 262 [a] [vi]). Based on the violations of respondent's right to counsel, we reverse and remit for proceedings where respondent either appears with counsel or adequately waives his rights (*see Matter of Williams-Foreman v Crandell*, 306 AD2d 570, 571 [2003]).

Crew III, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Clinton County for further proceedings not inconsistent with this Court's decision.