In the Matter of ALEXA MIRANDA, Respondent, v MOSES VASQUEZ, Appellant. [789 NYS2d 202]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Kings County (LeFreniere, S.M.), dated October 1, 2003, which directed him to pay $465.98 per week in child support and $38.35 per week in child care, and (2) an order of the same court (Hepner, J.), dated January 2, 2004, which denied his objection to the order dated October 1, 2003.

Ordered that the appeal from the order dated October 1, 2003, is dismissed, without costs or disbursements, as that order was superseded by the order dated January 2, 2004; and it is further,

Ordered that the order dated January 2, 2004, is reversed, on the law, without costs or disbursements, the objection is sustained, the order dated October 1, 2003 is vacated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

The father was represented by counsel at a hearing before a Hearing Examiner on April 22, 2003. That counsel failed to appear at a hearing on June 13, 2003. The father asked the Hearing Examiner if he could participate without a lawyer; the Hearing Examiner responded that "[i]t's going to be" and continued the hearing. The father was later found to be chargeable with the support of his two children in the total amount of $504.33 per week.

The Hearing Examiner erred in failing to advise the father that he had "an absolute right to be represented by counsel at the hearing at his own expense, and that he was entitled to an adjournment for the purpose of retaining the services of an attorney" (*Hebert v Hebert*, 149 AD2d 949, 949-950 [1989]; *see* Family Ct Act § 433 [a]). The Hearing Examiner further erred in proceeding with the hearing without an explicit waiver of the right to counsel from the father; there is no word or act in the record upon which the court could have concluded that the father explicitly waived that right (*see Matter of Alexander v Maharaj*, 299 AD2d 354 [2002]; *Matter of Rockland County Dept. of Social Servs. [Champagne] v Champagne*, 131 AD2d 488 [1987]). Therefore, we remit the matter to the Family Court, Kings County, for a new hearing and determination. Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.