■ In the Matter of CINDY BRUNELLE, Respondent, v ALAN J. BIBEAU, Appellant. [795 NYS2d 362]—

Spain, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered August 23, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in violation of a prior child support order.

In June 2004, petitioner commenced this proceeding pursuant to Family Ct Act article 4 alleging that respondent had violated the terms of a June 10, 2003 Family Court order requiring that he pay child support and seeking arrears. Following Family Court's summary denial of his request for an adjournment to obtain counsel, a hearing was held at which respondent proceeded pro se. The court found respondent to have willfully violated the prior support order and ordered him committed to jail for 30 days. We granted respondent a stay of that commitment pending a determination of his appeal, and now reverse.

Initially, the petition alleges only a violation based upon arrearages, for which a money judgment was sought (*see* Family Ct Act § 454 [2] [a]). Notably, the petition does not seek to have respondent held in contempt of court for willfully violating the prior support order, for which a jail term could be imposed (*see Matter of Commissioner of Social Servs. of Chemung County v Pronti*, 227 AD2d 705, 706 [1996]; *see also Matter of Fitzgerald v Libous*, 44 NY2d 660, 661 [1978]; *cf. Matter of Child Support Enforcement Unit v John M.*, 283 AD2d 40, 43 [2001]). Indeed, when the Support Magistrate recused himself at respondent's first appearance, he advised respondent of the right to be represented by counsel, but specifically noted that "the violation petition [did] not allege a willful failure to comply with the court order, so there's no right to assign[ed] counsel."*

Next, we find that Family Court's summary denial of respondent's request for an adjournment of the hearing in or-

---

* We are aware that the Support Magistrate's signed order of recusal, referring the petition directly to Family Court, recites that respondent was advised of his right to be represented by an attorney, "including the right to request assigned counsel." Family Court expressly relied upon the wording of that order in denying respondent's request for an adjournment. However, the Support Magistrate correctly advised respondent that because there was no allegation of willfulness, he was ineligible for assigned counsel on this violation petition even if he were indigent.

der to obtain counsel effectively deprived him of the right to counsel, which inures to all persons facing incarceration for violation of a court order, including the indigent; therefore, a new hearing is required (*see Matter of Circe v Circe*, 289 AD2d 620, 621 [2001]; *Matter of DeMarco v Raftery*, 242 AD2d 625, 626 [1997]; *see also* Family Ct Act § 262 [a] [vi]). The record reflects that at the next scheduled appearance following the Support Magistrate's recusal, respondent requested an adjournment to obtain representation once he was informed of the court's intentions. Characterizing the request as a "delay" tactic, Family Court denied the request as untimely without any inquiry into respondent's indigence, compelling him to proceed pro se.

Under these circumstances, where respondent previously had been told by the Support Magistrate that he was not entitled to assigned counsel, and where it was respondent's first request for an adjournment, Family Court should have inquired into his eligibility for assigned counsel or afforded him an adjournment to obtain representation (*see Matter of Circe v Circe, supra* at 621; *Matter of DeMarco v Raftery, supra* at 626; *Matter of Lewis v Crosson*, 53 AD2d 1029, 1029 [1976]). Here, Family Court never advised respondent of his right to the assistance of counsel, including assigned counsel if indigent (*see* Family Ct Act § 262 [a]), and incorrectly assumed and repeated that the Support Magistrate had informed him of the right to assigned counsel. Moreover, nothing in the record supports a finding that respondent waived this right (*see Matter of Williams-Foreman v Crandell*, 306 AD2d 570, 571 [2003]; *Matter of Circe v Circe, supra* at 621; *Matter of Gaudette v Gaudette*, 263 AD2d 620, 621 [1999]). Thus, respondent is entitled to a new hearing on the violation petition which, unless amended or superseded, does not charge a willful violation of a prior order of the court and, thus, cannot result in incarceration (*see* Family Ct Act § 454 [2], [3]).

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Clinton County for a new hearing.