■ In the Matter of MARCIA PACHECO, Respondent, v RUSS A. STEARNS, Appellant. [803 NYS2d 287]—

Peters, J. Appeal from an order of the Family Court of Washington County (Berke, J.), entered August 14, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to find respondent in willful violation of a prior order of child support.

Petitioner and respondent are the divorced parents of four children (born in 1990, 1992, 1994 and 1999). Pursuant to an order of the Family Court of Washington County entered in October 2000, respondent is obligated to pay for half of the children's day care and private school tuition expenses as well as make weekly child support payments to petitioner. Petitioner commenced the instant proceeding pursuant to Family Ct Act article 4, alleging willful violation of the child support order. After a hearing, a Support Magistrate found that respondent had willfully violated the order and granted petitioner's application. Accordingly, Family Court ordered money judgments against re-

spondent and imposed a suspended 30-day jail sentence on him. Respondent now appeals.

We cannot agree with respondent's argument that his statutory right to counsel was violated. The record reflects that respondent was advised of his rights with regard to legal representation when the parties appeared before the Support Magistrate in April 2003 and respondent was presented with petitioner's application. At that time, respondent was denied assigned counsel based upon the financial information provided to Family Court and was granted an adjournment to obtain counsel. When the parties appeared before the Support Magistrate in June 2003, respondent had not obtained counsel and the Support Magistrate denied respondent's request for a further adjournment. Given the foregoing, we are not persuaded that Family Court failed to fulfill its responsibilities pursuant to Family Ct Act §§ 261 and 262 (see Matter of Cicardi v Cicardi, 267 AD2d 784, 785 [1999]; cf. Matter of Williams-Foreman v Crandell, 306 AD2d 570, 571 [2003]; Matter of Gaudette v Gaudette, 263 AD2d 620, 621 [1999]).

Nor are we persuaded by respondent's contention that Family Court erred in finding that his failure to comply with the child support order was willful. According deference to the court's credibility assessments, the record provides sufficient proof that respondent failed to make the required payments despite his ability to do so (see Matter of Heyn v Burr, 19 AD3d 896, 897-898 [2005]).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.