In the Matter of CANDACE JONES FORD, Appellant, v KRYSTAL TINDAL, Respondent. [808 NYS2d 386]—

In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Hepner, J.), dated January 11, 2005, which, after a hearing, dismissed her petition for an order of protection against the respondent.

Ordered that the order is reversed, on the law, without costs

or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

On December 8, 2004, the petitioner filed a petition pursuant to article 8 of the Family Court Act seeking an order of protection against the respondent. The petitioner alleged, inter alia, that, on December 3, 2004, the respondent threatened to throw a cup of hot coffee at her. At a hearing, the petitioner was not represented by counsel and was not advised by the court of her right to have counsel present. Following the hearing, the Family Court dismissed the petition, finding that the petitioner had failed to establish that the respondent committed a family offense.

Family Court Act § 262 (a) (ii) confers a right to the assistance of counsel upon "the petitioner and the respondent in any proceeding under article eight of this act." Here, the Family Court's failure to advise the petitioner of her right to be represented by counsel of her own choosing, her right to an adjournment to confer with counsel, and her right to have counsel assigned if she was financially unable to obtain representation (*see* Family Ct Act § 262 [a]), constituted reversible error (*see Matter of Commissioner of Social Servs. v Rodriquez,* 284 AD2d 330, 331 [2001]; *Matter of Wilson v Bennett,* 282 AD2d 933, 934-935 [2001]; *Matter of Sasha S.,* 256 AD2d 468, 469 [1998]; *Matter of Brainard v Brainard,* 88 AD2d 996 [1982]; *Matter of Sabat v Sabat,* 72 AD2d 585 [1979]).

Accordingly, we remit the matter to the Family Court, Kings County, to advise the petitioner of her right to counsel and, if appropriate, to assign counsel and for a new hearing and determination.

In light of the foregoing, we need not reach the petitioner's remaining contention. H. Miller, J.P., Adams, Luciano and Rivera, JJ., concur.