■ In the Matter of ROBERT WILDER, Appellant, v KIMBERLY BUFE, Respondent. (And Another Related Proceeding.) [808 NYS2d 784]—

Spain, J. Appeals (1) from an order of the Family Court of Saratoga County (Cortese, J.), entered September 19, 2003, which, inter alia, granted respondent's application, in a proceeding pursuant to Family Ct Act article 4, to find petitioner in willful violation of a prior order of support, and (2) from an order of said court (Hall, J.), entered March 26, 2004, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of child support.

The parties are parents of two children and, pursuant to a December 2002 order not contained in the record on appeal, Family Court ordered petitioner (hereinafter the father) to pay

respondent (hereinafter the mother) $102 in weekly child support. A few months later, having apparently only made one payment, the father petitioned to modify the child support order, seeking a downward modification (incorrectly noted on his petition as an upward modification). The mother, now residing in California, then filed a petition pursuant to Family Ct Act article 4 alleging that the father had willfully violated the terms of the child support order. At the outset of the hearing, the Support Magistrate dismissed the father's modification petition based upon inadequacies in his papers. Following a hearing on the mother's petition—at which the parties appeared pro se and testified—the Support Magistrate found that the father had willfully violated the support order, established arrears and awarded a judgment of $5,161, and referred the matter to Family Court for confirmation. The father filed objections, and Family Court held a hearing at which the father appeared pro se and the mother appeared by counsel. The court upheld the Support Magistrate's decision, confirmed the finding that the father had willfully violated the child support order and imposed a sentence of six months in jail. The father now appeals.

Under Family Ct Act § 262 (a) (vi), a person has the right to the assistance of counsel "in any proceeding before the court in which an order or other determination is being sought to hold such person in contempt of the court or *in willful violation of a previous order of the court*" (emphasis added). Here, the record reflects that the Support Magistrate never advised the father, as required when he "first appear[ed] in court" (Family Ct Act § 262 [a]), of his right to counsel, of his right to seek an adjournment to confer with counsel, and of his right to assigned counsel if he could not afford to retain one (*see Matter of Brunelle v Bibeau*, 18 AD3d 927, 929 [2005]; *Matter of Williams-Foreman v Crandell*, 306 AD2d 570, 571 [2003]; *Matter of Circe v Circe*, 289 AD2d 620, 621 [2001]; *Matter of Wilson v Bennett*, 282 AD2d 933, 934-935 [2001]; *Matter of Gaudette v Gaudette*, 263 AD2d 620, 621 [1999]; *cf. Matter of Pacheco v Stearns*, 23 AD3d 711, 712 [2005]). Thereafter, Family Court similarly failed to address his right to counsel with regard to the violation petition.* Moreover, nothing in the record suggests that the father ever effected a waiver of his right to counsel (*see Matter of Brunelle v Bibeau, supra* at 929; *Matter of Anderson v Hailey*, 13 AD3d 911, 912 [2004]; *Matter of Lee v Stark*, 1 AD3d 815, 816 [2003]; *Matter of Williams-Foreman v Crandell, supra* at 571; *Matter of*

—————

* By distinction, at the same Family Court appearance, the court advised the father of his right to counsel on the father's petition alleging that the mother had violated the prior custody and visitation order.

*Circe v Circe, supra* at 621; *Matter of Gaudette v Gaudette, supra* at 621).

Thus, in light of the denial of his statutory right under Family Ct Act § 262 (a), the father is entitled to a new hearing on the original violation petition and the subsequent confirmation and jail sentence by Family Court must be vacated (*see Matter of Anderson v Hailey, supra* at 912; *Matter of Williams-Foreman v Crandell, supra* at 571; *Matter of Circe v Circe, supra* at 622; *Matter of Wilson v Bennett, supra* at 935; *Matter of Gaudette v Gaudette, supra* at 621). Although no stay was granted and petitioner has apparently served the jail sentence, the matter is not moot (*see Matter of Moore v Blank*, 8 AD3d 1090, 1091 [2004], *lv denied* 3 NY3d 606 [2004]; *Matter of France v Buck*, 299 AD2d 716, 716 [2002]).

However, the father was not entitled to be advised of his right to the assistance of counsel under Family Ct Act § 262 on his petition to modify the prior child support order (*see Matter of Gaudette v Gaudette, supra* at 621; *Matter of Kissel v Kissel*, 59 AD2d 1036, 1037 [1977]; *cf.* Family Ct Act § 262 [a]). Moreover, that petition set forth no allegations that there had been any change in circumstances and the sole representation in the accompanying affidavit was that, at the time of the support order, he "did not work consistently" and, at the time of the petition, he was "working for [a] company." These allegations were clearly insufficient to entitle the father to a hearing. Thus, dismissal of that petition was warranted notwithstanding the absence of counsel.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the order entered September 19, 2003 is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision. Ordered that the order entered March 26, 2004 is affirmed, without costs.