Carmen C. v Arthur G. (2006 NY Slip Op 50539(U))

[*1]

Carmen C. v Arthur G.

2006 NY Slip Op 50539(U) [11 Misc 3d 1073(A)]

Decided on April 5, 2006

Family Court, Queens County

Hunt, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through April 11, 2006; it will not be published in the printed Official Reports.

Decided on April 5, 2006

Family Court, Queens County
Carmen C., Petitioner,
against
Arthur G., Respondent.
[FN1]
19066/05

John Hunt, J.
Respondent, Arthur G., has moved for dismissal of this family offense petition on the
ground that the petition fails to state a cause of action. For the reasons which follow,
respondent's motion is denied, with leave to move for dismissal at the close of petitioner's case
(see, Civil Practice Law and Rules §4401).[FN2]
By petition filed pursuant to Family Court Act §821 on October 20, 2005, petitioner,
Carmen C., alleges that her former spouse, Arthur G., has committed one of more family offenses
against her (see, Fam. Ct. Act §812 [1]).[FN3] In her petition, Ms. C. alleges, inter alia, that "on or [*2]about October 18, 2005", the respondent "[k]eeps threatening and harassing petitioner [and] on
Tuesday, October 18, 2005, respondent told petitioner that he would do something to harm her
and that he would start a fire and burn down her house. Petitioner states that all of the above took
place in front of her son at her house."
Petitioner, who is 57 years old, appeared before a Court Attorney-Referee of the Court on
October 20, 2005 and an ex parte temporary order of protection was issued on behalf of
petitioner and her son directing that the respondent, who is 70 years old, commit no family
offenses against them. Both parties appeared before a Judge of the Court on November 30,
2005 and the proceedings were adjourned until February 2, 2006. The temporary order of
protection was continued and respondent was directed return to court on December 8, 2005 and
to produce proof of his income in support of his request that counsel be assigned to represent
him.[FN4] Respondent failed to appear on December 8, 2005 and another Judge of the Court
adjourned the proceedings until February 2, 2006. Both parties appeared on February 2, 2006
although respondent failed to produce any documents substantiating his income and assets.
Thereafter, the respondent appeared before yet another Judge on March 3, 2006 and counsel
was then assigned on his behalf. The case was adjourned before this Court for April 5, 2006
and respondent subsequently filed this motion to dismiss.
[*3]
Because family offense proceedings under article 8 of the Family Court Act are civil
proceedings (Fam. Ct. Act §812 [2] [b]; Matter of Eileen W. v. Mario A., 169 Misc 2d 489),
a motion to dismiss a petition for failure to state a cause of action pursuant to Civil Practice Law
and Rules §3211 (a) (7) may properly be made (e.g., Matter of Jones v. Roper,187 AD2d 593; 
Matter of Vasciannio v. Nedrick, 305 AD2d 420, 421; Matter of Morisseau v. Morisseau, __
AD3d __, 2006 NY Slip Op 02200).
It has been observed that, in a civil proceeding, "the primary function of a pleading is to
apprise an adverse party of the pleader's claim" (Cole v. Mandell Food Stores Inc., 93 NY2d 34,
40), and upon a motion to dismiss for failure to state a cause of action the pleading is to be
afforded a liberal construction, the facts alleged in the complaint accepted as true, and the
plaintiff accorded the benefit of every possible inference (Guggenheimer v. Ginzburg, 43 NY2d
268, 275; Leon v. Martinez, 84 NY2d 83, 87-88; New York Civil Liberties Union v. State of
New York, 4 NY3d 175, 180; Babcock v. Donohue, 19 AD3d 1174, 1175; Fay Estates v. Toys
"R" Us, Inc., 22 AD3d 712, 714).
Applying the applicable standard to the petition, the Court finds that while petitioner's
conclusory allegation that the respondent "keeps threatening and harassing" her does not
sufficiently advise the respondent of the specific conduct or course of conduct forming the basis
for that claim (e.g., Matter of Brennan v. Anesi, 283 AD2d 693, 694-695), the facts alleged in the
petition do establish, if true, that respondent committed the family offense of disorderly conduct
(Fam. Ct. Act §812 [1]; Penal Law §240.20; see, Matter of Nadeau v. Sullivan, 204 AD2d 913; 
[*4]
Matter of Sarmuksnis v. Priest, 21 AD3d 381, 383).[FN5] While the Court denies respondent's
motion to dismiss, it should be noted that petitioner is presently not represented by counsel, and
she was unrepresented at the time that she filed this petition and to the extent that the petition
might be construed as inartfully drawn, the Court further observes that the petition was prepared
on a court-approved form by a member of the court's clerical staff who was required to include
any and all allegations made by petitioner in the petition (Fam. Ct. Act §216-c; see, Bruno v.
Codd, 47 NY2d 582, 586). While a respondent is entitled to notice of the allegations as a matter
of due process, in a case such as this it would be unrealistic to hold a pro se petitioner or a
member of the clerk's staff to the same standards of drafting pleadings as would be expected of
an attorney.
It is therefore,
ORDERED, that respondent's motion to dismiss the family offense petition is denied.
This constitutes the decision and order of the Court.
E N T E R:
___________________________________
JOHN M. HUNT
Judge of the Family Court
Dated: Jamaica, New York
 April 5, 2006

Footnotes

Footnote 1:Fictitious names for purposes of publication.

Footnote 2:Civil Practice Law and Rules §4401 provides, in pertinent part, that "[a]ny party may move for judgment with respect to a cause of action or issue upon the ground that the moving
party is entitled to judgment as a matter of law, after the close of the evidence presented by an
opposing party with respect to such cause of action or issue".

Footnote 3:The family offenses enumerated by the statute are: disorderly conduct, harassment in the
first degree, harassment in the second degree, aggravated harassment in the second degree, stalking in the first degree, stalking in the second degree, stalking in the third degree, stalking
in the fourth degree, menacing in the second degree, menacing in the third degree, reckless
endangerment, assault in the second degree, assault in the third degree or attempted assault
(Fam. Ct. Act §812 [1]; see, Criminal Procedure Law §530.11 [1]).

Footnote 4:There is nothing in the court file indicating that petitioner requested that counsel be assigned on her behalf, although she is entitled to make such an application in this proceeding
(Fam. Ct. Act § 262 [a] [ii]; see, Matter of Ford v. Tindall, __ AD3d __, 808 NYS2d 386 {24 AD3d 664} ).

Footnote 5:While respondent correctly observes that disorderly conduct must occur in public for
purposes of a criminal prosecution (People v. Munafo, 50 NY2d 326, 331; People v. McDermott, 279 AD2d 361, lv. denied 96 NY2d 803), the statute specifically provides that, for purposes of a family offense proceeding, disorderly conduct "includes disorderly conduct not in a public place" (Fam. Ct. Act §812 [1]).