■ In the Matter of LISA A. SECKLER-ROODE, Respondent, v CHRISTOPHER W. ROODE, Appellant. [863 NYS2d 40]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Simeone, J.), dated March 1, 2007, which, inter alia, denied his objections to so much of an order of the same

court (Fields-Ferraro, S.M.) dated January 5, 2007, as, upon granting his motion, in effect, pursuant to CPLR 5015 to vacate his prior default in opposing the mother's petition to enforce a prior order of child support to the extent of restoring the petition to the calendar, scheduled the matter for a new hearing on February 2, 2007, and directed that "[n]o adjournment applications will be entered [sic] by the Court," and denied his objections to an order of the same court (Fields-Ferraro, S.M.) dated February 2, 2007, which (a) denied his application to adjourn the rescheduled hearing on the petition and his motion for recusal of the Support Magistrate and (b), upon his default in appearing, adhered to the original determination granting the petition in an order dated November 8, 2006.

Ordered that the order dated March 1, 2007, is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof denying the father's objections to so much of the order dated January 5, 2007, as directed that "[n]o adjournment applications will be entered [sic] by the Court," and to so much of the order dated February 2, 2007, as (a) denied his application to adjourn the rescheduled hearing on the mother's petition and (b), upon his default in appearing, adhered to the original determination granting the petition in the order dated November 8, 2006, and substituting therefor provisions sustaining those objections; as so modified, the order dated March 1, 2007, is affirmed without costs or disbursements, the orders dated November 8, 2006, January 5, 2007, and February 2, 2007, are modified accordingly, and the matter is remitted to the Family Court, Suffolk County, for a new hearing on the petition, upon reasonable notice to the father.

After an inquest, and upon the father's default in appearing, the Support Magistrate issued an order dated November 8, 2006, granting the mother's petition to enforce a prior order of child support. Thereafter, in an order dated January 5, 2007, the Support Magistrate granted, in part, the father's motion, in effect, to vacate his default, restored the matter to the trial calendar, and scheduled a new hearing on the petition for February 2, 2007, at 2:00 P.M. The order stated, inter alia, that "[n]o adjournment applications will be entered [sic] by the Court."

The record contains a summons dated January 8, 2007, and addressed to the father, who at the time lived in Missouri and was on active military duty with the Missouri Air National Guard in Arizona. However, the date on which the summons was sent to the father is not specified, and the record further reveals that a copy of the order dated January 5, 2007, was not

mailed to the father until January 22, 2007. Moreover, by notice dated January 16, 2007, the hearing was rescheduled to February 1, 2007. Again, the date on which this notice was sent to the father is not specified.

By letter dated January 29, 2007, and notarized by an Arizona notary public, the father alleged that he had "just received" the summons, and he requested an adjournment because of the short notice and his "very limited finances." On February 1, 2007, the mother's attorney appeared before the Support Magistrate. The father was neither present nor represented at that hearing. By order dated February 2, 2007, the Support Magistrate, inter alia, denied the father's request for an adjournment and adhered to its prior order dated November 8, 2006.

Although "[a] request for an adjournment is addressed to the sound discretion of the court" (*Matter of Kagno v Kagno,* 296 AD2d 410, 410-411 [2002]), under the circumstances of this case, it was an improvident exercise of discretion for the Support Magistrate to deny the father an adjournment.

Moreover, on the limited record before us, we find merit in the father's contention that he was not afforded sufficient notice of the hearing, originally scheduled for February 2, 2007, and later rescheduled to February 1, 2007. There is evidence that the order scheduling the hearing, although dated January 5, 2007, was not in fact mailed to the father until January 22, 2007. Additionally, there is evidence in the record that, at all relevant times, the father, a Missouri resident, was on active military duty in Arizona, which further corroborates his claim that he received late notice of the hearing.

In sum, because there is insufficient evidence to support the Family Court's conclusion that the father "has been given a full and fair opportunity to be heard in this proceeding which he has seen fit not to take advantage of," the father's objections should have been granted to the extent indicated herein and a new hearing scheduled (*cf. Matter of Circe v Circe,* 289 AD2d 620, 622 [2001]).

The father's remaining contentions are either without merit or not reviewable on this appeal. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.