*473 Defendant’s arrest for disorderly conduct complied with CPL 140.10 (1) (a), which provides that a police officer may arrest a person for an offense when “he or she has reasonable cause to believe that such person has committed such offense in his or her presence.” The arresting officer heard another officer make a statement indicating that defendant and three other men had been told “to get off the corner” where they were congregating in front of a local store. The officer himself made a statement indicating that the men should leave the corner. None of the men, including defendant, left and the officer arrested all four of the men for disorderly conduct.
Penal Law § 240.20 (6) provides that “[a] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: . . . He congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse.” Given the information the officer had about the gang problems that had occurred at that location in the past and the gang background of several of the men, he had a reasonable basis to believe their presence could cause public inconvenience, annoyance or alarm. Defendant’s failure to obey the police officer’s direction provided probable cause to arrest him (see generally People v McDermott, 279 AD2d 361 [2001], lv denied 96 NY2d 803 [2001]; Matter of James T., 189 AD2d 580 [1993]).
Because the arresting officer had probable cause to arrest defendant, the hearing court properly declined to suppress the narcotics evidence recovered at the precinct incident to the lawful arrest. In light of our conclusion that the arresting officer had probable cause based on his own observations, we need not address the People’s argument that he could rely on the fellow officer rule in making this violation arrest. Concur — Saxe, J.P, Friedman, Renwick, DeGrasse and Richter, JJ.