Matter of Moor v Moor (2023 NY Slip Op 03918)

Matter of Moor v Moor

2023 NY Slip Op 03918

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-04072
 (Docket No. F-4301-21)

[*1]In the Matter of Gideon Moor, respondent,
v
Laurie Blancher Moor, appellant.

Laurie Blancher Moor, Rhinebeck, NY, appellant pro se.
Whiteman Osterman & Hanna, LLP, Albany, NY (Robert S. Rosborough IV, Michelle L. Haskin, and Brian J. Palamar of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Dutchess County (Jeffrey C. Martin, J.), dated April 25, 2022. The order, insofar as appealed from, denied the mother's objections to so much of an order of the same court (Steven Kaufman, S.M.) dated February 3, 2022, as granted that branch of the father's petition which was for an award of child support and directed the mother to pay child support in the sum of $319.32 bi-weekly.
ORDERED that the order dated April 25, 2022, is reversed insofar as appealed from, on the law, with costs, the mother's objections to so much of the order dated February 3, 2022, as granted that branch of the father's petition which was for an award of child support and directed the mother to pay child support in the sum of $319.32 bi-weekly are sustained, those portions of the order dated February 3, 2022, are vacated, and the matter is remitted to the Family Court, Dutchess County, for further proceedings consistent herewith.
The parties have one child together. Pursuant to an order on consent, the parties had previously agreed to share custody of the child and to waive an award of child support from each other. However, in October 2021, the father filed a petition seeking, inter alia, an award of child support from the mother given the change in circumstances inasmuch as he had sole custody of the child since July 2020. The parties appeared by telephone before a Support Magistrate on February 3, 2022. The father appeared with counsel and the mother appeared pro se. In an order dated February 3, 2022, the Support Magistrate, inter alia, in effect, granted the father's petition and directed the mother to pay child support in the sum of $319.32 bi-weekly. Although the order contains language suggesting that the mother was advised of her right to seek counsel as required by Family Court Act § 433, the transcript of the hearing contains no proof that the mother was advised of this right or that she voluntarily and knowingly waived this right and proceeded without counsel. The mother filed objections to the Support Magistrate's order. In an order dated April 25, 2022, the Family Court, inter alia, denied the mother's objections to so much of the Support Magistrate's order as granted that branch of the father's petition which was for an award of child support and directed the mother to pay child support in the sum of $319.32 bi-weekly. The mother appeals.
The Support Magistrate erred in failing to advise the mother that she had "an absolute right to be represented by counsel at the hearing at [her] own expense, and that [s]he was entitled to an adjournment for the purpose of retaining the services of an attorney" (Matter of Miranda v Vasquez, 14 AD3d 566, 566 [internal quotation marks omitted]; see Family Ct Act § 433[a]; Matter of Kirk v Kirk, 95 AD2d 888, 888; cf. Matter of Diaz v Smatkitboriharn, 158 AD3d 760, 761). The Support Magistrate further erred in proceeding with the hearing without an explicit waiver of the right to counsel from the mother as there is no word or act in the record upon which the Family Court could have concluded that the mother explicitly waived that right (see Matter of Miranda v Vasquez, 14 AD3d at 566). Therefore, we remit the matter to the Family Court, Dutchess County, for a new hearing and determination.
The parties' remaining contentions need not be reached in light of the foregoing.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court