In the Matter of DAVID BREITBART, Petitioner, v THOMAS B. GALLIGAN, a Justice of the Supreme Court of the State of New York, Respondent.

First Department, March 10, 1988

## APPEARANCES OF COUNSEL

*Robert Koppelman* for petitioner.

*Caren S. Brutten* of counsel *(Robert Abrams, Attorney-General,* attorney), for respondent.

*Richard Ware Levitt* for New York Criminal Bar Association, *amicus curiae.*

## OPINION OF THE COURT

Per Curiam.

On April 15, 1987, respondent Justice summarily held petitioner in contempt and deferred further action thereon until the conclusion of the trial. The adjudication of contempt resulted from a colloquy in which petitioner, 1 of 3 attorneys representing codefendants in a homicide trial, intemperately asserted that respondent was improperly holding ex parte conferences with the prosecutor, "planning the trial", and perpetrating "a fraud on the People of the State of New York". Petitioner's offending comments were made in open court, but outside of the presence of the jury. After the summary contempt adjudication, the trial continued without further incident. On June 23, 1987, respondent sentenced petitioner to five days' imprisonment and a $250 fine.

The Court of Appeals has instructed that in summary contempt adjudications: "It is the need for the preservation of the immediate order in the courtroom which justifies the summary procedure—one so summary that the right and need for an evidentiary hearing, counsel, opportunity for adjournment, reference to another Judge, and the like, are not allowable because it would be entirely frustrative of the maintenance of order." *(Matter of Katz v Murtagh,* 28 NY2d 234, 238.)

In a similar vein, the United States Supreme Court stated in *Cooke v United States* (267 US 517, 534) "To preserve order in the court room for the proper conduct of business, the court must act instantly to suppress disturbance or violence or physical obstruction or disrespect to the court when occurring in open court. There is no need of evidence or assistance of counsel before punishment, because the court has seen the offense. Such summary vindication of the court's dignity and authority is necessary".

These principles are codified in the rules of this court, 22 NYCRR 604.2 (a), which provide, in pertinent part, that:

"(1) The power of the court to punish summarily contempt committed in its immediate view and presence shall be exercised only in exceptional and necessitous circumstances, as follows:

"(i) Where the offending conduct either

"(a) disrupts or threatens to disrupt proceedings actually in progress; or

"(b) destroys or undermines or tends seriously to destroy or

undermine the dignity and authority of the court in a manner and to the extent that it appears unlikely that the court will be able to continue to conduct its normal business in an appropriate way; and

"(ii) The court reasonably believes that a prompt summary adjudication of contempt may aid in maintaining or restoring and maintaining proper order and decorum."

In applying these standards to the within case, we note that the record fails to disclose that the proceedings were disrupted, or that the court was unable to conduct its "normal business" as a result of petitioner's untoward comments. In addition, the deferral of imposition of sanctions until the end of the trial indicates an absence of the type of immediacy required for summary contempt adjudication. (*Matter of Katz v Murtagh, supra,* at 239.) It is noted, however, that after the adjudication of the summary contempt, the trial proceeded without further incident.

It is for these reasons that we grant the petition and vacate the adjudication of summary contempt. Our determination, which should not be construed as a condonation of petitioner's conduct, is without prejudice to renewal of contempt proceedings with benefit of hearing, as provided in 22 NYCRR 604.2 (b). Should such proceedings be commenced, however, the rules provide that they must be heard by a Justice other than respondent. (22 NYCRR 604.2 [d] [1].)

Accordingly, the petition brought pursuant to CPLR article 78, seeking to annul and set aside an order and judgment of the Supreme Court, New York County (Thomas B. Galligan, J.), entered June 23, 1987, which found petitioner guilty of criminal contempt and sentenced him to five days' imprisonment and a fine of $250, should be granted, without costs and disbursements, and the adjudication of contempt vacated, without prejudice to renewal of contempt proceedings before another Justice.

SANDLER, J. P., ROSS, ASCH, KASSAL and ELLERIN, JJ., concur.

Application for a writ of prohibition unanimously granted, without costs and without disbursements, and the adjudication of contempt vacated, without prejudice to renewal of contempt proceedings before another Justice. Cross motion for permission to appear as *amicus curiae* granted.