THIRD DEPARTMENT, NOVEMBER, 1988

(November 3, 1988)

■ In the Matter of BEVERLY PROPER, Respondent, v LOUIS PROPER, Appellant.—Harvey, J. Appeal from an order of the Family Court of Albany County (Cheeseman, J.), entered November 4, 1985, which, in a proceeding pursuant to Family Court Act article 4, held respondent in contempt of court.

On May 7, 1985, Family Court issued a support order requiring respondent to pay $55 per week, $40 of which was for the support of the parties' child and $15 of which was for arrears from a support order dated February 14, 1985. Respondent did not comply with the May 7, 1985 order and petitioner commenced this proceeding pursuant to Family Court Act article 4 on June 4, 1985. Family Court held five hearings on the matter between June 24, 1985 and November 4, 1985. At the first hearing, respondent testified that he had lost his job on the same day that the May 1985 order was issued and that he neglected to seek a change in the support order. Respondent missed the next two hearings allegedly because of injuries suffered in a motorcycle accident.

At the fourth hearing, on October 1, 1985, respondent stated that he was unemployed and that he had last sought employ-

ment in July 1985, shortly before his accident. Family Court then issued the following oral order: "I'm going to have you report to this Court every Monday, Wednesday and Friday mornings at 8 a.m. at which time you will furnish me with a job search list * * * showing me the names of ten places where you have sought employment. If you are not here promptly at 8 a.m., a warrant will be issued for your arrest and I might consider you to be in contempt of Court. Do we understand one another?" Respondent indicated that he understood.

At the fifth hearing, held November 4, 1985, Family Court found that respondent violated the October order since he had submitted only one job list following the October 1, 1985 hearing. Respondent's attorney stated that respondent had failed to submit the list since he had found a job two weeks earlier, on October 21, 1985, earning $72 for working 25 hours per week. Since the job was only part time, Family Court considered this an inadequate excuse for violating its oral order, stating that "if I had found that he had employment for $72 a week, I would have had him continue making employment reports". Family Court then found respondent in contempt of court and sentenced him to the Albany County Jail for three months.

On November 4, 1985, Family Court signed an order of commitment which stated that the reason for the commitment was respondent's failure to obey the support order. A stay of the sentence was granted by this court pending respondent's appeal of his three-month sentence.

We reverse. It is not clear from the record before us whether the finding of contempt was based on respondent's failure to obey Family Court's oral directive of October 1, 1985 to furnish job search lists or whether it was based on the failure to pay support. The transcript of the November 4, 1985 hearing where respondent was found in contempt indicates the former whereas the order of commitment recites the latter. This confusion is attributable in part to the fact that respondent did not receive notice, as required by Judiciary Law § 756, that the November 4, 1985 hearing was for the purpose of determining whether he was in contempt. The failure to give appropriate notice constitutes reversible error in this case, as evidenced by the resulting confusion as to the facts supporting the finding of contempt. Certainly respondent could not have been expected to be prepared to defend against the alleged contempt when it is not even clear at this point what the ground was which supported that determination. We

further note that the record fails to reveal sufficient facts to justify a summary finding of contempt *(see,* Judiciary Law § 755; *see also, Matter of Katz v Murtagh,* 28 NY2d 234; *Matter of Breitbart v Galligan,* 135 AD2d 323).

Order reversed, on the law, without costs, matter remitted to the Family Court of Albany County for a hearing, upon proper notice, to determine whether respondent was in contempt of court. Kane, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.