■ In the Matter of PATRICK K. DOYLE, Petitioner, v HOWARD M. AISON, as Judge of the Montgomery County Court, Respondent. [627 NYS2d 485] —Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, *inter alia*, expunge an order holding petitioner in criminal contempt of court.

Petitioner, who was subpoenaed as a witness for the defense in a murder trial, appeared in Montgomery County Court wearing a T-shirt which bore the statement, "If assholes could fly this place would be an airport." After petitioner took the stand, respondent held a side bar discussion with the attorneys and then sent the jurors to the jury room. Responding to respondent's questions about the propriety of the T-shirt as attire in

a courtroom, petitioner explained that he had not had a chance to do his laundry and usually wore the T-shirt to work. He also said that he had a coat with him. The trial was then recessed and respondent informed the attorneys that he intended to hold petitioner, who had been instructed not to leave the courthouse, in contempt of court, but that he would not do so until after petitioner had testified. Defense counsel stated that she had decided not to call petitioner as a witness, but wanted the trial to proceed because of her concern that the jury might be affected by any delay for the contempt proceeding. Respondent agreed that the trial could continue and the contempt proceeding could be conducted when the trial recessed for lunch.

During the contempt proceeding, petitioner was given an opportunity to explain his conduct. He stated that he had a limited amount of clothing and had no other clean clothes to wear that day. Respondent found that petitioner knew that the T-shirt was not proper attire for a courtroom and that petitioner's conduct had disrupted the criminal proceeding. Respondent summarily adjudicated petitioner to be in criminal contempt and imposed a sentence of 30 days in jail. After petitioner commenced this proceeding to expunge respondent's order, this Court stayed the order and petitioner was released from jail pending the outcome of this proceeding.

Respondent was clearly justified in concluding that petitioner knew the T-shirt was inappropriate attire for a courtroom. The record, however, does not support respondent's use of the power to summarily punish a contempt. Although Judiciary Law § 755 appears to authorize the use of the summary procedure whenever the offense is committed in the immediate view and presence of the court, the Court of Appeals explained in *Matter of Katz v Murtagh* (28 NY2d 234, 238) that "[i]t is the need for the preservation of the immediate order in the courtroom which justifies the summary procedure—one so summary that the right and need for an evidentiary hearing, counsel, opportunity for adjournment, reference to another Judge, and the like, are not allowable because it would be entirely frustrative of the maintenance of order". The First and Second Departments have adopted specific rules which limit a court's summary contempt power to "exceptional and necessitous circumstances" (22 NYCRR 604.2 [a] [1]; 701.2 [a]) when the court "reasonably believes that a prompt summary adjudication of contempt may aid in maintaining or restoring and maintaining proper order and decorum" (22 NYCRR 604.2 [a] [1] [ii]; 701.2 [a] [2]). This Court has not adopted a similar rule, but we

conclude that the limitations imposed by the rules are consistent with and required by the holding in *Matter of Katz v Murtagh (supra)* (*see, Matter of Kunstler v Galligan*, 79 NY2d 775, *affg on opn below* 168 AD2d 146).

Petitioner's conduct in wearing a T-shirt that was clearly improper attire for a courtroom was not, in and of itself, the type of exceptional and necessitous circumstances which justifies resort to the summary contempt procedure. Other than wearing the T-shirt, petitioner engaged in no insolent, contemptuous or disruptive behavior (*cf., Matter of Mitchell v Wiggins*, 195 AD2d 1069). He answered respondent's questions directly and courteously. He did not wilfully disobey the court (*cf., Matter of Brostoff v Berkman*, 79 NY2d 938, *cert denied* 506 US 861), but instead left the courtroom without protest and remained in the courthouse as directed. Order and decorum were promptly restored when petitioner complied with respondent's direction to leave the courtroom. Once defense counsel indicated that she would not call petitioner as a witness, the potential for further disruption by petitioner's reappearance in the courtroom while wearing the T-shirt no longer existed and, therefore, no further action by respondent was necessary to aid in maintaining order and decorum. Even if petitioner's reappearance in the courtroom had been required, there is nothing in the record to demonstrate that he would not have complied with an order to change his shirt or wear something to cover the improper T-shirt. We note that although petitioner's misconduct occurred in the presence of the jury, there is no evidence that any juror actually read the statement on petitioner's T-shirt or was affected by it in any way.

In these circumstances, we hold that there was no necessity for respondent to summarily punish petitioner (*see, Matter of Breitbart v Galligan*, 135 AD2d 323). That the trial continued without further disruption before respondent used the summary contempt procedure gives rise to an inference of no immediacy (*see, Matter of Katz v Murtagh, supra*, at 239). Our holding is limited only to the propriety of the remedy used by respondent and should not be read as trivializing or condoning petitioner's misconduct. Inasmuch as petitioner served some five days in jail before his release pursuant to this Court's order, we see no need to grant leave to renew the contempt proceeding. We reach no other issue.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the petition is granted, without costs, and the adjudication of contempt expunged.