■ In the Matter of STEVEN ROAJAS, Respondent, v DONNA G. RECANT, as Judge of the Criminal Court, Appellant, et al., Respondent. [671 NYS2d 459] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered January 22, 1997, which granted petitioner's application pursuant to CPLR article 78 to vacate seven orders of summary contempt issued by respondent Judge of the Criminal Court, unanimously modified, on the law and the facts, to the extent of remanding the matter to Criminal Court to afford petitioner a reasonable opportunity to be heard as to mitigation with respect to a single charge of contempt and, except as so modified, affirmed, without costs.

This proceeding stems from an outburst during petitioner's appearance before respondent Judge with respect to three pending misdemeanor charges. Following a bench conference, petitioner was ordered back to detention. As he was being escorted from the courtroom, petitioner became verbally abusive, proclaiming that his rights were being violated and directing an obscenity at the Judge. After the court ordered petitioner to be brought back before the Bench, he asked, "What are you going to say? You're violating my rights", and the court responded "Contempt." As petitioner repeatedly cursed at the Judge, the court retorted by adding 30 days to the penalty which, when petitioner had finished, amounted to 210 days of confinement.

As stated in the rules promulgated by this Court, "Dignity, order and decorum are indispensable to the proper administration of justice" (Rules of App Div, 1st Dept [22 NYCRR] § 604.1 [b]), and behavior that demeans the court's authority or disrupts the business before it is subject to summary punishment (22 NYCRR 604.2 [a]). The profanity persistently directed at respondent Judge by petitioner constitutes "flagrant and offensive" misbehavior so as to obviate the need for any warning that the conduct is deemed contumacious (22 NYCRR 604.2 [c]). However, contempt is a drastic remedy, and strict adherence to procedural requirements is mandated (*Taylor v Hayes*,

418 US 488, 500; *Matter of Katz v Murtagh*, 28 NY2d 234, 238). Before a summary adjudication of contempt can be made, the rules require that the accused be afforded "a reasonable opportunity to make a statement in his defense or in extenuation of his conduct" (22 NYCRR 604.2 [a] [3]). The record before us is devoid of "the essential proffer in open court" to the accused prior to imposition of the sanction (*Matter of Katz v Murtagh*, *supra*, at 238; *see also*, *Matter of Rodriguez v Feinberg*, 40 NY2d 994). Moreover, we regard the incident as a single, though particularly blatant, act of contempt.

We have considered respondent's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rubin and Tom, JJ.