■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES KENO, Appellant. [714 NYS2d 455] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered June 11, 1997, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree, and summarily holding defendant in criminal contempt, and sentencing him, as a second felony offender, to a term of 5 years and to a consecutive term of 30 days for contempt, unanimously affirmed.

The court's summary action in holding defendant in criminal contempt was proper where, moments after being sentenced, he told the court to "drop dead" (*see,* Judiciary Law § 750 [A] [1]; § 755; 22 NYCRR 604.2 [a]; *Matter of Roajas v Recant,* 249 AD2d 95). The proceeding against defendant was still in progress at the time of the contempt, particularly since defendant was in the process of being advised of his right to appeal. While defendant claims that he was denied the opportunity to make a statement in mitigation, the proper remedy for such a defect would be a remand for further proceedings (*see, Matter of Roajas v Recant, supra*), and defendant has expressly declined to pursue such remedy on appeal.

We perceive no abuse of sentencing discretion. Concur—Nardelli, J. P., Ellerin, Wallach, Lerner and Friedman, JJ.