■ In the Matter of CHRISTOPHER BRODEUR, Appellant, v JUDITH LEVITT et al., Respondents. [726 NYS2d 661] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered November 24, 1999, which, to the extent appealed from as limited by petitioner's brief, denied petitioner's application to annul a July 7, 1999 order by respondent Criminal Court Judge Judith Levitt which held petitioner in summary contempt, unanimously reversed, on the law, without costs, the petition granted and the July 7, 1999 order holding petitioner in contempt annulled.

Petitioner appeared before Judge Levitt for a calendar call, dressed in a ripped T-shirt and what appeared to be a pair of boxer shorts. Judge Levitt engaged in an exchange with petitioner during which he claimed, among other things, to have a free speech right to then display his two middle fingers and engage in verbal ridicule. After petitioner had been warned to remain quiet, a further verbal outburst caused Judge Levitt to have him removed from the courtroom and returned several hours later, at which time the courtroom was nearly empty. Petitioner was found in contempt and sentenced to 30 days in jail. The court's power to summarily punish contempt is limited to conduct which disrupts or threatens to disrupt proceedings; determination of contempt and imposition of punishment should be done immediately (22 NYCRR 604.2 [a]). Petitioner's attire, speech directed to spectators, gestures to the court and verbal ridicule would have warranted a contempt adjudication (*see, Matter of Levine v Recant*, 278 AD2d 124; *People v Keno*, 276 AD2d 325, *lv denied* 96 NY2d 760). Here, however, deferral of the contempt finding and imposition of punishment evidence the lack of the immediacy which is a prerequisite for resort to summary contempt (*Matter of Breitbart v Galligan*, 135 AD2d 323). Concur—Mazzarelli, J. P., Andrias, Saxe, Buckley and Friedman, JJ.