■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KARRIE FOOTE, Respondent, v THOMAS J. LOREY, as Sheriff of Fulton County and Administrator of the Fulton County Jail, Appellant. [813 NYS2d 798]—

Rose, J. Appeal from an order of the Supreme Court (Aulisi,

J.), entered July 21, 2005 in Fulton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 70, and discharged petitioner.

Following a hearing pursuant to Family Ct Act article 4 and a subsequent confirmation hearing, Family Court confirmed the Support Magistrate's decision finding petitioner in contempt for willfully failing to pay court-ordered child support and directed her immediate incarceration in the Fulton County Jail for 180 days. Petitioner then commenced this CPLR article 70 proceeding for a writ of habeas corpus alleging that she was unlawfully detained by respondent because Family Court had not properly advised her of the right to counsel guaranteed by Family Ct Act § 262. Supreme Court granted petitioner's application and directed her immediate release. Respondent now appeals, and we affirm.

Although respondent now argues that habeas corpus relief was unavailable because petitioner could have appealed Family Court's contempt order, the record does not reflect that this argument was made to Supreme Court. Accordingly, the argument is unpreserved. Were we to consider it in the interest of justice, we would find that petitioner was not required to first pursue an appeal, and she could utilize the writ to seek immediate release because she alleged the deprivation of an absolute and fundamental right (*see* Family Ct Act § 262 [a] [vi]; *People ex rel. Lobenthal v Koehler*, 129 AD2d 28, 31 [1987]).

As we have often noted, when a party is not fully informed of the statutory rights to be represented by counsel, to seek an adjournment to consult with counsel and to have counsel provided if he or she cannot afford to retain counsel, the resulting adjudication cannot result in incarceration (*see Matter of Brunelle v Bibeau*, 18 AD3d 927, 929 [2005]; *Matter of Williams-Foreman v Crandell*, 306 AD2d 570, 571 [2003]). Further, Family Court is obligated to conduct an "in depth inquiry to ascertain that the [party's] decision to proceed [without counsel] was knowingly, intelligently and voluntarily made" (*Matter of Lee v Stark*, 1 AD3d 815, 816 [2003]; *see Matter of Anderson v Hailey*, 13 AD3d 911, 912 [2004]).

At the first appearance, the Support Magistrate advised petitioner only that she was entitled to be represented by an attorney and might be eligible for representation by the Public Defender's office. Petitioner was then told that she had to apply for such representation within two weeks, even though the hearing date was set for nearly four months later. Although petitioner stated that she intended to apply, she did not do so, and she did not appear at the evidentiary hearing because she

believed that Timothy Foote had agreed in a related custody proceeding not to pursue the support violation. Upon petitioner's default, the Support Magistrate found her in contempt and recommended incarceration. Two weeks later, at the confirmation hearing, petitioner appeared and voiced her wish not to proceed without counsel. Despite its obligation to address the issue of representation and rectify any deficiencies (*see Matter of Wilder v Bufe*, 25 AD3d 827, 828 [2006]), Family Court merely told petitioner that her request was "too late" and ordered her incarcerated unless she paid the full child support arrears of $4,488. Thus, in addition to failing to assure that petitioner had been properly advised of her right to assigned counsel, Family Court denied her that right when she attempted to exercise it at the confirmation hearing (*see Matter of Brunelle v Bibeau, supra* at 929). Moreover, nothing in the record before us can be read to constitute a knowing and intelligent waiver of petitioner's rights at either her first appearance or the confirmation hearing (*see Matter of Wilder v Bufe, supra* at 828-829). Accordingly, Supreme Court properly granted the writ.

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the order is affirmed, without costs.