██ In the Matter of JOHN T. CHASE, Appellant, v KRISTIN F. CHASE, Respondent. [846 NYS2d 727]—

Mugglin, J. Appeal from an order of the Supreme Court (Hummel, J.), entered September 14, 2006 in Columbia County, which, among other things, held plaintiff in contempt of a temporary order of the court.

A recitation of the chronology of proceedings in this extremely acrimonious divorce action is necessary to understand the relevant appellate arguments made by plaintiff.

First, on July 15, 2004, in deciding defendant's application for temporary maintenance and child support, Supreme Court ordered plaintiff to "bring the mortgage [payment] current and make the monthly payments until further order." In addition to paying child support, plaintiff was directed to maintain health insurance coverage for defendant and their son. Next, on September 20, 2004, by order to show cause, defendant initiated contempt proceedings alleging that plaintiff willfully violated the July 2004 order. Because a relative of defendant supplied the funds to bring the mortgage current, Supreme Court reserved decision without holding a hearing. The parties stipulated to list the home for sale and that defendant would receive a credit against plaintiff's share of the sale proceeds for the amount the relative paid. This stipulation was incorporated in an order dated October 12, 2004. It does not appear that the house was ever listed for sale.

On March 4, 2005, by order to show cause, plaintiff sought to hold defendant in contempt for a variety of alleged violations of prior orders. By cross motion, defendant asked the court to decide the previously reserved decision. Without holding a hearing, Supreme Court held plaintiff to be in contempt and, by

judgment dated August 18, 2005, sentenced plaintiff to 30 days in jail with the provision that plaintiff could purge the contempt by paying $39,243 in mortgage arrears and $2,975.40 in child support arrears within 30 days. The record reflects that no payment was made and that plaintiff was never incarcerated. On May 19, 2006, by order to show cause, defendant again sought to hold plaintiff in contempt of the July 2004 order, but this time only for plaintiff's failure to purchase health insurance coverage for defendant and their son.

On August 14, 2006, Supreme Court conducted a bifurcated divorce trial and contempt proceeding. At the end of plaintiff's proof, Supreme Court granted defendant's oral motion to dismiss the complaint. Supreme Court also granted defendant's oral motion to withdraw her divorce counterclaim. Despite the fact that the pending contempt application was based on the May 19, 2006 order to show cause (which did not allege failure to make the mortgage payments), Supreme Court adjudicated plaintiff to be in contempt of the July 2004 order and sentenced him to six months incarceration unless, within 60 days, he purged the contempt by payment of the mortgage arrears of $39,243 to defendant. During the hearing, plaintiff, who by this time was not represented by counsel, twice sought the aid of an attorney and repeatedly denied that his nonpayment was willful in that he was without sufficient funds to make payment. Plaintiff appeals and we reverse.

Our analysis begins by noting that the validity of the July 2004 order and the August 2005 judgment, which contained a purge provision, are not before us as no appeal was taken from either. Moreover, because Supreme Court reserved on the issue of contempt, we disagree with plaintiff's argument that the October 2004 order directing the sale of the marital residence superceded the July 2004 order. Parenthetically, we note that the October 2004 order does impact on the amount of the payment necessary to purge the contempt as it directs that defendant receive from plaintiff's share of the proceeds from the sale of the house the amount of the mortgage arrears paid by her relative, thus substituting the sale proceeds for plaintiff's personal funds as the source of this payment. This order, however, did not relieve plaintiff from making the monthly mortgage payments. Likewise, we disagree with plaintiff's argument that Supreme Court was divested of jurisdiction to enforce the July 2004 order by way of contempt when it dismissed the underlying matrimonial actions (see Fotiadis v Fotiadis, 18 AD3d 699, 701 [2005]).

We do agree, however, that the May 2006 order to show cause

did not allege a violation of the mortgage payment provisions and, therefore, despite a brief comment by Supreme Court, it is apparent from plaintiff's comments that adequate notice was not given to him so that he could be expected to prepare to defend against that charge (*see Matter of Rose BB.*, 243 AD2d 999, 1001 [1997]; *Matter of Proper v Proper*, 144 AD2d 712, 713 [1988]). We also agree with plaintiff's arguments that he was denied his right to counsel and that the September 2006 contempt judgment is invalid because it does not describe the contemptuous conduct or recite all the elements of civil contempt. Here, because the contempt order was modified to increase the period of incarceration, we hold that plaintiff was not fully informed of his statutory right to be represented by counsel, to have an adjournment to consult with counsel or to have counsel provided if he could not afford to retain counsel (*see People ex rel. Foote v Lorey*, 28 AD3d 917, 918 [2006], *lv dismissed* 7 NY3d 863 [2006], *lv denied* 8 NY3d 803 [2007]). With respect to the order adjudging plaintiff to be in contempt, it does not include a description of the acts which were committed—it makes no reference to failure to cover defendant and their son with health insurance, an issue unaddressed by Supreme Court—and it does not contain an adjudication that the acts done impaired the rights of a party to the action (*see Matter of Loeber v Teresi*, 256 AD2d 747, 749 [1998]). Plaintiff's remaining arguments have been considered and rejected as meritless.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.