■ In the Matter of BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of IRENE SHEARS, Respondent, v SCOTT MITCHELL, Appellant. [847 NYS2d 692]—

Rose, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered December 11, 2006, which, in a proceeding pursuant to Family Ct Act article 4, committed respondent to a jail term of six months.

Petitioner filed a petition alleging that respondent had failed to obey a prior child support order and requesting a money judgment for arrears. When the parties appeared, the Support Magistrate partially advised respondent of his right to counsel and then, after listening to his claim of an inability to pay support, found a willful violation and recommended a six-month jail sentence. At the next appearance, Family Court fully advised respondent of his right to counsel and respondent requested assignment of counsel. On the adjourned date, assigned counsel appeared, but respondent did not. Family Court thereupon found respondent to be in default, confirmed the Support Magistrate's finding of a willful violation, sentenced respondent to six months in jail and issued an arrest warrant. After execution of the warrant, respondent appeared without counsel and Family Court remanded him to jail. Defendant appealed and this Court granted a stay pending appeal.

We find merit in respondent's argument that he was not fully advised of his right to counsel upon his first appearance and was deprived of his right to counsel in later proceedings. The record confirms that the Support Magistrate failed to advise respondent of his rights to an adjournment to confer with counsel, which advice was statutorily mandated because the Support Magistrate treated the petition as seeking respondent's incarceration for willful violation of a support order (see Family Ct Act §§ 261, 262 [a] [vi]; *Matter of Hassig v Hassig*, 34 AD3d 1089, 1090 [2006]; *Matter of Circe v Circe*, 289 AD2d 620, 621 [2001]; *Matter of Gaudette v Gaudette*, 263 AD2d 620, 621 [1999]). The Support Magistrate also failed to assure that re-

spondent understood his rights and knowingly and intelligently waived them before proceeding (*see Matter of Anderson v Hailey*, 13 AD3d 911, 912 [2004]). Later, Family Court failed to adjourn the hearing on the petition when respondent did not appear and assigned counsel stated that he had not met or spoken with respondent. In addition, after respondent was arrested, appeared in court and stated that he had not been informed of the assignment of counsel, the court remanded him to jail without inquiring as to counsel's whereabouts or explaining on the record why it was proceeding without counsel present. We further note that Family Court incarcerated respondent even though petitioner did not request such relief in either the petition or open court. Nor has petitioner filed a brief in response to this appeal. Accordingly, there must be a reversal and a remittal of the matter for a new hearing (*see e.g. Matter of Scala v Tefft*, 42 AD3d 689, 691-692 [2007]).

In view of our determination, respondent's remaining contentions are academic.

Crew III, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.