Kane, J.
Appeal from an order of the Family Court of Broome County (Pines, J.), entered March 26, 2008, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in violation of a prior child support order.
Petitioner filed a petition in September 2006 alleging that re *1093 spondent had failed to obey a prior child support order. Represented by assigned counsel, respondent appeared on the matter in January 2007 and was sentenced to six months in jail. Shortly thereafter, respondent’s sentence was suspended and he was released pursuant to an order that directed him to resume child support payments and bring his arrears current within three months. After failing to appear for a scheduled hearing in April 2007, an arrest warrant was issued and respondent was taken into custody in February 2008. Respondent thereafter appeared without representation, at which time Family Court informed respondent that he was not eligible to be represented by assigned counsel and remanded respondent pending a hearing. At a hearing in early March 2008, the court informed respondent of his right to counsel and adjourned the matter in order for respondent to retain counsel. At the subsequent hearing, respondent again appeared without counsel and, without further colloquy regarding his right to representation, the court proceeded to find respondent in violation and reinstate his six-month jail sentence. Respondent now appeals and we reverse.
An adjudication in Family Court cannot result in incarceration unless a party is “fully informed of the statutory rights to be represented by counsel, to seek an adjournment to consult with counsel and to have counsel provided if he or she cannot afford to retain counsel” (People ex rel. Foote v Lorey, 28 AD3d 917, 918 [2006], lv dismissed 7 NY3d 863 [2006], lv denied 8 NY3d 803 [2007]; see Family Ct Act § 262 [a] [vi]; Matter of Chase v Chase, 45 AD3d 1206, 1208 [2007]). As such, the court is required to conduct an in-depth inquiry, including investigation into a party’s indigence, to assure that a party understands his or her rights, and that any waiver of representation is made knowingly, intelligently and voluntarily (see Matter of Broome County Dept. of Social Servs. v Mitchell, 46 AD3d 1034, 1034 [2007]; People ex rel. Foote v Lorey, 28 AD3d at 918; Matter of Brunelle v Bibeau, 18 AD3d 927, 928-929 [2005]; Matter of Lee v Stark, 1 AD3d 815, 815-816 [2003]).
Here, during his February 2008 hearing, respondent stated his desire to be represented by an attorney but, after a limited inquiry into respondent’s earnings, he was informed by Family Court that he would not be eligible for assigned counsel. At his subsequent hearing in early March 2008, respondent again evinced his desire to be represented by counsel and, apparently believing that he was ineligible to qualify for assigned counsel, agreed to an adjournment during which time he would attempt to retain counsel. However, at respondent’s subsequent hearing, he informed the court that he was financially unable to retain *1094 counsel and, rather than addressing respondent’s lack of representation, the court immediately proceeded to adjudicate the merits and imposed a six-month jail sentence on respondent. Given the confusion concerning respondent’s desire to have counsel and his eligibility for assigned counsel, we find that the record before us does not indicate that respondent made a knowing and intelligent waiver of his rights to be represented by counsel (see People ex rel. Foote v Lorey, 28 AD3d at 918-919; Matter of Anderson v Hailey, 13 AD3d 911, 912 [2004]). Accordingly, the matter must be reversed and remitted for a new hearing (see Matter of Broome County Dept. of Social Servs. v Mitchell, 46 AD3d at 1035).
Mercure, J.E, Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court’s decision.