People ex rel. McCray v Favro (2019 NY Slip Op 09065)





People ex rel. McCray v Favro


2019 NY Slip Op 09065


Decided on December 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 19, 2019

528212

[*1]The People of the State of New York ex rel. Rodney McCray, Appellant,
v
David N. Favro, as Clinton County Sheriff, Respondent.

Calendar Date: November 19, 2019

Before: Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.


Rodney McCray, Plattsburgh, appellant pro se.
Andrew J. Wylie, District Attorney, Plattsburgh (Allison K. Maggy of counsel), for respondent.



Clark, J.
Appeal from a judgment of the Supreme Court (Powers, J.), entered December 20, 2018 in Clinton County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
In October 2015, petitioner — a registered sex offender — was sentenced to a five-year term of probation following his guilty plea to failing to report a change of address to the relevant authorities, as a second offense (see Correction Law §§ 168-f [4]; 168-t). In March 2016, following petitioner's violation of the terms of his probation, his probation was revoked and he was resentenced to a prison term of 1&frac13; to 4 years. Prior to petitioner's resentencing, while he was serving probation, petitioner was charged with numerous crimes that were based upon arrests and conduct that occurred in January and/or February 2016; on September 1, 2016, upon his guilty pleas to two separate counts of criminal contempt in the second degree in satisfaction of those charges, he was sentenced to two one-year jail terms, apparently to be served consecutively to one another and to all other sentences.[FN1] On October 5, 2018, petitioner was released from the custody of the Department of Corrections and Community Service to the Clinton County Jail, reportedly to begin serving the two one-year jail terms. Petitioner then commenced this CPLR article 70 proceeding seeking a writ of habeas corpus,[FN2] alleging that his release from respondent's custody is mandated pursuant to Penal Law § 70.35 on the premise that his one-year jail terms were required to run concurrently with — and merge into — his indeterminate sentence of 1&frac13; to 4 years. Supreme Court denied the petition, and petitioner appeals.
We affirm. Initially, respondent's contention that petitioner did not name the proper respondent is unpreserved as it is being raised for the first time on appeal, having not been raised in its opposition to the petition in Supreme Court (see People ex rel. Foote v Lorey, 28 AD3d 917, 918 [2006], appeal dismissed 7 NY3d 863 [2006], lv denied 8 NY3d 803 [2007]). In any event, this assertion is incorrect, as the petition alleges, and respondent did not dispute, that petitioner is in the Clinton County Jail and, thus, in the custody of respondent — the Sheriff of Clinton County (see CPLR 7002 [c] [1]).
With regard to petitioner's claim that, pursuant to Penal Law § 70.35, his one-year jail sentences merged with and should have been ordered to run concurrently with his indeterminate sentence, "[h]abeas corpus is not the appropriate remedy for raising claims that could have been raised on direct appeal or in the context of a CPL article 440 motion, even if they are jurisdictional in nature" (People ex rel. Moise v Coveny, 175 AD3d 1693, 1693-1694 [2019] [internal quotation marks and citation omitted]; see People ex rel. Hill v Miller, 175 AD3d 790, 790 [2019]). Petitioner's contentions regarding his sentences, including their legality and whether they merged under Penal Law § 70.35, could have been raised on direct appeal or in a motion pursuant to CPL 440.20 (see People ex rel. D'Amico v Lilley, 153 AD3d 1493, 1494 [2017]; see also People v Jurgins, 26 NY3d 607, 612 [2015]; see e.g. People v Lavelle, 167 AD3d 1083, 1084 [2018]; People v Surdis, 160 AD3d 1305, 1306 [2018], lvs denied 32 NY3d 941 [2018]; People v Harris, 147 AD3d 1375, 1376 [2017], lv denied 29 NY3d 998 [2017]). As we perceive no basis to depart from traditional orderly procedure, we conclude that Supreme Court properly denied petitioner's application.
Egan Jr., J.P., Lynch and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: The sentencing minutes are not in the record on appeal.

Footnote 2: Contrary to respondent's erroneous contentions on appeal, this proceeding was not commenced pursuant to CPLR article 78. Additionally, respondent's counsel, the Clinton County District Attorney, who appeared in Supreme Court and opposed this proceeding, failed to preserve his contention that this proceeding against respondent should have been defended by the County Attorney for Clinton County, and we decline to consider it.